## Richmond

## CITY OF WILLIAMSBURG AND TRAVELERS INDEMNITY OF RHODE ISLAND

v.

## JESSE D. ALTIZER

June 8, 1979.

Record No. 781276.

Present: All the Justices.

*Palmer S. Rutherford, Jr. (Eley, Rutherford & Leafe,* on brief), for appellants.

*Donald R. Taylor* for appellee.

PER CURIAM.

We granted this writ to consider whether the Industrial Commission erred in refusing to consider evidence of fraud or mistake, proffered with a petition to vacate a hearing commissioner's award which was filed before the review was conducted.

On January 10, 1978, Jesse D. Altizer (the employee), a police officer employed by the City of Williamsburg, applied for medical benefits under Code § 65.1-47.1, part of the Workmen's Compensation Act. Accompanied by counsel, the employee testified that his doctor had told him in October, 1976 that he was suffering with hypertension and cardiovascular problems; that prior thereto the "only complete examination [he] had was by Dr. Oliver in 1967"; that an examination conducted in November, 1977 by his employer's physician confirmed a "heart problem"; and that he was still working on limited duty at his regular salary. Dr. Oliver's report showed that the August, 1967 examination revealed no evidence of hypertension or heart disease. The report of the November, 1977

examination diagnosed the employee's condition as "hypertension and heart trouble". On this evidence, Commissioner Miller found that the "diagnosis [had been] communicated as of October 1976" and, applying the presumption created by Code § 65.1-47.1, entered an award authorizing medical benefits.

The City and its insurer, Travelers Indemnity of Rhode Island (collectively, the employer), made no appearance at the evidentiary hearing but filed a timely application for review. Thereafter, the employer filed a petition praying that the initial award "be set aside as founded upon material misrepresentations by the claimant". In support of that petition, the employer proffered two medical records which tended to contradict the employee's testimony. The first showed that the employee had been admitted to a hospital in August, 1973; that prior to admission he had been "treated for hypertension for eight months" with daily medication; that he had "a three year history of hypertension" and "has had a heart murmur for years"; and that upon discharge his condition was diagnosed, *inter alia,* as "Arteriosclerotic hypertensive vascular disease." The second record showed that the employee had been hospitalized again in March, 1975 following "a long history of arteriosclerotic hypertensive cardiovascular disease."

Charging that "these conditions were not revealed or disclosed by the claimant . . . but to the contrary were concealed from the hearing commissioner", the employer asserted that the proffered evidence showed that the employee's claim was time-barred under Code § 65.1-52 which requires that claims be filed within two years "after a diagnosis of an occupational disease is first communicated to the employee".

Affirming the award by opinion dated August 8, 1978, the full Commission held that "having once afforded the employer an opportunity to defend a claim . . . and the employer having failed to take advantage of that opportunity, it should not, upon appeal, without some explanation of its earlier failure and a finding by the Commission that such failure to appear and defend was justified, be allowed to allege misrepresentations of fact and present evidence of such at this stage." Dissenting, Commissioner Miller said that he would "remand and reopen for admission of medical data."

■ The issue we address was raised in a petition to vacate the initial award, a separate pleading filed subsequent to the applica-

tion for review. In *Harris* v. *Diamond Const. Co.*, 184 Va. 711, 36 S.E.2d 573 (1946), the employer contended that, absent express statutory authority, the Commission had no jurisdiction to entertain such a petition. The petition in *Harris* prayed that the award be set aside as founded upon "honest mistake". Rejecting the employer's argument that the only remedy available to the employee was a suit in equity, we held that "the Industrial Commission has the implied power, incidental to those expressly granted, to entertain and hear an application, seasonably presented, to vacate and set aside an award procured through fraud or mistake", and that the Commission "should have taken jurisdiction of the appellants' petition and should have inquired whether the award complained of ought to have been set aside". 184 Va. at 721-22, 36 S.E.2d at 578. Even though the employee had failed to apply for review and had not filed the petition to vacate until seven weeks after entry of the initial award, we decided that the petition was "seasonably presented".

Here, in contradiction of the employee's testimony at the hearing, the evidence proffered with the petition to vacate tends to show that the diagnosis of the occupational disease had been "first communicated to the employee" more than two years before his claim was filed and that the claim was time-barred under Code § 65.1-52. In such case, the preliminary award was founded upon material misrepresentations, either intentional or inadvertent. Under the rule in *Harris*, the Commission had the power to entertain such a petition, consider such evidence, and vacate such an award, provided the petition was "seasonably presented".

■ The Commission ruled that the employer's evidence was presented too late. We disagree. If, as the petition alleged, the employee concealed and misrepresented facts material to his claim at the initial hearing, he cannot be heard to complain on review that he was prejudiced by delay in the proof of such conduct. Although the hospital records, if known to the employer, should have been produced at the evidentiary hearing, the application for review was filed within the statutory deadline and the petition to vacate was filed before the review was conducted. If the delay in *Harris*, where no application for review had been filed, did not defeat the right to challenge a preliminary award allegedly based on mistake, the delay here does not defeat the right to challenge a preliminary award allegedly based on fraud.

We hold that the petition to vacate was seasonably presented

and that the Commission erred in refusing to consider the proffered evidence.* The decision will be reversed and the case remanded with instructions to schedule a new hearing to consider that evidence and such other evidence as may be material to the question whether the claim was time-barred.

*Reversed and remanded.*

---

*Our holding is confined to petitions to vacate preliminary awards, filed before entry of a final award on review. With respect to final awards, the Commission's power to vacate is defined by the rules applicable to a proceeding in equity to set aside a final judgment at law based on fraud or mistake. *See Ashby* v. *Red Jacket Coal Corp.,* 185 Va. 202, 206-07, 38 S.E.2d 436, 438 (1946). Concerning those rules, see generally Restatement of Judgments §§ 118-130 (1942); 46 Am. Jur. 2d *Judgments* §§ 671-882 (1969); 3 Pomeroy, *A Treatise on Equity Jurisprudence* § 919 (5th ed. 1941).