**Richmond**

J & D MASONRY, INC., ET AL.

V.

EDWARD KORNEGAY

October 15, 1982.

Record No. 811601

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson and Russell, JJ.

*Joseph Dyer (Siciliano, Ellis, Sheridan & Dyer,* on brief), for appellants.

*R. Craig Jennings (Slenker, Brandt, Jennings and Johnston,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this industrial accident case, the employer and carrier seek to set aside on grounds of fraud and mistake an earlier award of the Industrial Commission which approved an agreement among the parties for the payment of compensation.

The chronology is important. On October 7, 1980, near 7:30 a.m., appellee Edward Kornegay, the claimant, sustained serious, multiple injuries when he fell 30 feet from scaffolding. At the time, he was employed by appellant J & D Masonry, Inc. at a job site in Arlington. The claimant was taken immediately to Northern Virginia Doctors Hospital.

On the day of the accident, the claimant was interviewed briefly by a claims adjuster for appellant Peerless Insurance Company, the employer's workmen's compensation carrier. The adjuster again discussed the accident with the claimant in the hospital two days later.

About three weeks after the accident, on October 29, 1980, Kornegay and the adjuster, on behalf of the employer and the carrier, executed a Memorandum of Agreement As To Payment of Compensation, which provided for payment of weekly benefits to the claimant. On November 13, 1980, Kornegay was discharged from the hospital. About two weeks later, on November 26, 1980, the Commission approved the agreement by entry of the award that was subsequently attacked in this proceeding.

Following Kornegay's release from the hospital, he was ordered to take physical therapy as an out-patient. The adjuster learned that the claimant, at times, failed to appear for scheduled therapy and that when he did report to the therapist he was intoxicated on several occasions. Fearing the claimant's "alcohol problem" might be attributed to the accident, the adjuster conducted a further investigation.

On February 4, 1981, the adjuster learned from one of the physicians who attended Kornegay upon his admission to the hospital that the claimant " 'was drinking at the time of the accident.' " When the adjuster asked the doctor " 'why didn't you tell me that at the beginning?' " the physician said "he didn't want to see Ed get away without anything."

Subsequently, the adjuster examined the hospital records and determined that a blood test, made on the date of admission and within about three hours of the accident, showed the claimant was intoxicated. In addition, the hospital emergency room record shows that upon admission at 8:45 a.m. the claimant was intoxicated.

The employer and carrier (hereinafter the carrier) filed with the Commission a petition dated March 24, 1981, to set aside the November award. The carrier contended the claim was barred under Code § 65.1-38(3) which provides that no compensation shall be allowed for an injury due to intoxication. The carrier asserted it was "kept from learning of the claimant's intoxication prior to the entry of the award" through fraud and mistake. Following a hearing, during which the foregoing evidence was adduced, a deputy commissioner dismissed the petition and ordered payment of bene-

fits resumed. Upon review by the full Commission, the decision of the deputy was affirmed. This appeal ensued.

■ Approval by the Commission of a memorandum of agreement is binding, and an award of compensation entered upon such agreement is as enforceable as an award entered in a contested proceeding. Code § 65.1-93. In the exercise of its power to set aside a final award upon the ground of fraud or mistake, the Commission applies the same rules applicable to a proceeding in equity to annul a final judgment at law. *Williamsburg* v. *Altizer,* 220 Va. 9, 13, 255 S.E.2d 536, 538 (1979). In order to prevail, the moving party must prove the allegations upon which he seeks relief by positive and direct evidence which is clear and convincing. *Ashby* v. *Red Jacket Coal Corp.,* 185 Va. 202, 207, 38 S.E.2d 436, 439 (1946).

The central question here is whether the Commission erred in finding that the carrier failed to carry the requisite burden and to prove fraud or mutual mistake of fact. We think the Commission was correct.

■ At the most, the evidence proves merely a unilateral mistake of fact by the carrier unaccompanied by any fraud attributable to the claimant. Under such circumstances, relief will not be granted. *Foreman* v. *Clement,* 139 Va. 70, 80-81, 123 S.E. 336, 339 (1924). We will assume Kornegay was intoxicated at the time of the accident, although he denies it. Nevertheless, the evidence fails to show the claimant ever intentionally concealed such fact from the carrier. There is no evidence the adjuster even asked Kornegay about his physical condition at the time of the accident, prior to execution of the memorandum of agreement. At the hearing, Kornegay testified he was not intoxicated when he fell. He also stated that if he had been asked the question immediately after the accident, he would have denied being under the influence of alcohol. But such a statement, made months after the settlement had been consummated, is insufficient, standing alone, to prove Kornegay intentionally misled the adjuster at the time of the agreement. Moreover, there is no evidence the claimant made any false statements in writing. And there is no evidence the claimant, a lay employee, was aware, or should have been aware, of the statutory law prohibiting receipt of workmen's compensation benefits for injury due to intoxication.

Indeed, the hospital records were readily accessible. The carrier, upon obtaining the claimant's consent, could have examined

them at any time between the day of the accident and the date the agreement was approved. The records plainly showed the claimant's intoxicated condition when he arrived at the hospital through the emergency room. This is simply a case of inadequate, incomplete, and deficient investigation by the carrier; it is a failure promptly to discover facts that were available to the carrier, even though the attending physician apparently elected not to volunteer them.[1]

The carrier relies on the following statement from *Clay v. Butler,* 132 Va. 464, 474, 112 S.E. 697, 700 (1922): "If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated." That rule is inapposite because, as we have said, the record is devoid of evidence the claimant, during the crucial period before the memorandum of agreement was executed, concealed the intoxication.[2]

The carrier also relies on *Seaboard Ice Co. v. Lee,* 199 Va. 243, 99 S.E.2d 721 (1957), in which this Court affirmed the action of the trial court in setting aside a release of a personal injury claim on the ground of mutual mistake. But in that case, unlike this, at the time of the agreement both contracting parties, the claimant and the carrier, as well as the physician were ignorant of the nature, extent, and cause of the claimant's disability. The actual facts did not become known until subsequent physical examinations were made after the release was executed. In the present case, as we have said, the carrier readily could have discovered the true facts that were available of record before the agreement was consummated.

For these reasons, the award appealed from will be

*Affirmed.*

---

[1] The physician did not admit telling the adjuster "he didn't want to see Ed get away without anything." The doctor, confirming the February 4 conversation, later wrote the adjuster about the alleged concealment. He noted that Kornegay's blood alcohol level was "a well documented fact throughout his [medical records]," and that the physician was "surprised" the adjuster had not been "aware of this fact."

[2] We summarily reject the carrier's assumption, unsupported by any rationale or citation of authority, that the physician's alleged concealment of the facts somehow is attributable to the claimant.

POFF, J., dissenting.

I dissent. I agree the carrier failed to prove actual fraud, and I will assume, without agreeing, that the carrier failed to prove constructive fraud. Yet, I believe the award should be set aside as the product of mutual mistake of a material fact.

I disagree that "the evidence proves merely a unilateral mistake of fact by the carrier". The fact is that the claimant was intoxicated when he fell. As to that fact, *both* parties labored under the mistaken notion that the claimant was entitled to workmen's compensation benefits.

The deputy commissioner based his finding that the mistake was unilateral upon the bare assumption that "[i]f the claimant was intoxicated at the time of the alleged accident, this is a fact which he would have been aware of." I reject that assumption. An intoxicated person is the last person to realize and the first to deny that he is intoxicated. It may be that the claimant was perfectly honest in believing that he was sober when he fell and that he was thus eligible for compensation. But he was mistaken, even as the carrier was mistaken, and the agreement was void from its inception.