COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bray
Argued at Norfolk, Virginia


HERBERT C. KING, JR.

MEMORANDUM OPINION[*] BY
v.          Record No. 0356-98-2          JUDGE RICHARD S. BRAY
                                          FEBRUARY 9, 1999
PEPSI COLA COMPANY and
 LUMBERMENS MUTUAL CASUALTY COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

T. Andrew Lingle for appellant.

J. Derek Turrietta (William W. Nexsen;
Stackhouse, Smith & Nexsen, on brief), for
appellees.


Herbert C. King, Jr. (claimant) complains on appeal that the

Workers' Compensation Commission (commission) erroneously

relieved Pepsi Cola Company and Lumbermens Mutual Casualty

Company (employer) from the simultaneous payment of permanent

partial and temporary partial disability benefits, together with

related penalties, previously ordered by the commission.  We

disagree and affirm the decision.

On appeal, we construe the evidence in the light most

favorable to the party prevailing below, employer in this

instance.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App.

211, 212, 390 S.E.2d 788, 788 (1990).  "'If there is evidence, or

reasonable inferences can be drawn from the evidence, to support

the commission's findings, they will not be disturbed on review,

───────────────────

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

even though there is evidence in the record to support a contrary finding.'"  Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993) (citation omitted).

The record discloses that claimant suffered a compensable injury by accident on December 14, 1995.  Employer accepted the resulting claim, and temporary disability and medical benefits were awarded by the commission pursuant to several memoranda of agreement submitted by the parties.  Claimant subsequently resumed employment at the pre-injury wage, and disability compensation was terminated, again by agreement.

On October 4, 1996, claimant lodged a related claim with the commission, seeking permanent partial disability benefits. Following appropriate consideration, a deputy commissioner, on May 6, 1997, awarded claimant "permanent partial disability compensation beginning August 19, 1996, based upon a forty percent loss of use of his left arm, . . . and continuing for a period of 80 weeks."  Employer filed a timely request for review, and the full commission affirmed the deputy by opinion dated September 3, 1997.

In the interim, claimant also pursued temporary partial disability benefits, which were awarded by the commission by order of October 10, 1997, in accordance with a Supplemental Memorandum of Agreement.  However, in addition to such agreed temporary partial disability benefits, the October order noted, parenthetically, that such "benefits are to be made

simultaneously with the Commission's previous award entered in this case providing for permanent disability benefits."

Objecting to the simultaneous payment provision, employer's counsel telephoned the commission on October 15, 1997 and spoke with a person identifying herself as Carolyn Fleming, a commission "claims examiner" previously involved with the file. Counsel was then advised that the order incorrectly required simultaneous payment and was assured that a corrected award would be forthcoming. Counsel confirmed this communication by letter to Fleming, dated November 11, 1997, and ignored the order of October 10, 1997, in anticipation of an amended award. Shortly thereafter, claimant notified the commission of employer's noncompliance, and, on December 4, 1997, Deputy Commissioner Phillips ordered employer to "immediately" pay "[a]ll compensation currently owed" pursuant to the disputed order, together with a twenty percent penalty.

Employer again contacted Fleming by letter dated December 5, 1997, reminded her of the earlier conversation and correspondence, and protested the inconsistent action of Deputy Commissioner Phillips. In response, Fleming denied previously speaking with counsel and advised that the awards were final and the penalty properly due. Employer then filed a request for review of both the penalty and order requiring simultaneous payment, urging the commission to invoke its continuing jurisdiction to redress "fraud, imposition, or estoppel."

On review, the commission found "counsel's November 11, and December 5, 1997, letters to [Fleming] persuasive and compelling," and, therefore, concluded "that counsel made a good faith effort to contact . . . the claims department to assert . . . disagreement with the award order" requiring simultaneous payment. The commission interpreted Code § 65.2-503(E)(2) to permit, but not mandate, simultaneous payments, a construction approved by claimant on brief, and found that such payments were neither intended by employer nor properly ordered by the commission in this instance. Thus, expressly asserting its "implied power . . . to vacate an award procured through fraud or mutual mistake," the commission amended the October order to relieve employer from simultaneous temporary and permanent partial disability payments and the related penalty.

On appeal, claimant contends that employer's failure to timely appeal the orders of September 3 and October 10, 1997 barred review by the commission. See Code §§ 65.2-705, -706; Rule 5A:11(b), Rules of the Supreme Court of Virginia; Rule 3, Rules of the Virginia Workers' Compensation Commission. However, it is well established that the commission may exercise jurisdiction after the expiration of appeal periods to redress fraud, imposition or mistake. See Harris v. Diamond Construction, 184 Va. 711, 720-21, 36 S.E.2d 573, 577-78 (1946).

"Within the principles established by statutes and the Supreme Court decisions, the commission has '"jurisdiction to do

full and complete justice in each case."' Justice is not attained by failing to correct obvious mistakes or declining to place the parties in positions which are in accord with the Act." Collins v. Department of Alcoholic Beverage Control, 21 Va. App. 671, 681, 467 S.E.2d 279, 283-84 (citations omitted), aff'd en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996). In Collins, we noted that "[i]t is immaterial whether the mistake of fact is mutual or unilateral." Id. at 680, 467 S.E.2d at 283. The burden is upon the party attacking an award to establish mistake by clear and convincing evidence. See J & D Masonry v. Kornegay, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982) (citations omitted).

Here, the commission ordered employer to make simultaneous payments in the October 10, 1997 award, a result intended by neither the commission nor employer. Once aware of the error, employer promptly contacted the commission and was advised that the order was incorrect and assured that an amended award would immediately issue. Under such circumstances, the commission properly acted to correct an administrative error, a remediation consistent with commission purposes and within well established implied authority.

Accordingly, we affirm the disputed order.

Affirmed.

Benton, J., concurring.

In Collins v. Department of Alcoholic Beverage Control, 21 Va. App. 671, 467 S.E.2d 279, aff'd en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996), I dissented from this Court's holding that the commission's power to remedy a mistake by the parties is not constrained by whether the mistake is mutual or unilateral. See 21 Va. App. at 681-87, 467 S.E.2d at 284-86 (Benton, J., dissenting). I believe that this appeal presents the case in which this Court has the opportunity to correctly limit its ruling, i.e., to mistakes that were caused, not by the parties, but by the commission or its staff.

On September 3, 1997, the commission awarded Herbert C. King, Jr., "permanent partial disability benefits based on a 40% impairment of the left upper extremity." Pepsi Cola Company did not appeal from that award. A month after entry of the award of permanent partial disability, the commission approved a memorandum of agreement and on October 10, 1997, awarded King temporary partial disability benefits of $480 weekly. Without direction from either the commission or the parties, the commission's claims department added the following language to the temporary partial disability award order:

> (NOTE: TEMPORARY PARTIAL BENEFITS ARE TO BE
> MADE SIMULTANEOUSLY WITH THE COMMISSIONS
> PREVIOUS AWARD ENTERED IN THIS CASE PROVIDING
> FOR PERMANENT DISABILITY BENEFITS.)

Pepsi Cola did not appeal from that award. Instead, it

informally sought to have the claims department delete the notation from the award order. When Pepsi Cola's efforts were unsuccessful and the deputy commissioner assessed a penalty against Pepsi Cola for its delay in making payments, Pepsi Cola requested a review by the commission. The commission found that the claims department mistakenly added to the October 10, 1997 award order the language requiring simultaneous payment of temporary partial benefits and permanent partial benefits. Although Code § 65.2-503(E)(2) allows simultaneous payments, nothing in the record established that either party had raised that issue. The commission found from the evidence that "it [was] obviously [Pepsi Cola's] intent to pay the awards consecutively and not simultaneously." The claims department had acted without any indication of the parties' intentions and inserted the notation on the award without direction from either the commission or the parties. Thus, the mistake was an administrative mistake and not the mistake of either party.

In its prior decisions, the commission has held that when "a mistake on the part of the [c]ommission [occurs, the commission has] . . . the implied power . . . [to] take jurisdiction even though the application for review was [not timely]." Perkins v. Alexandria City School Board, 71 W.C. 16, 18 (1992). See also Harris v. Diamond Construction Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946) (holding that the commission has the power to protect its awards from mistake). Because the mistake was not

- 7 -

caused by either of the parties, the commission did not need to determine whether the mistake was mutual or unilateral to grant relief.  Cf. Masonry v. Kornegay, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982) (holding that relief will not be granted when "the evidence proves merely a unilateral mistake of fact by the carrier unaccompanied by any fraud attributable to the claimant"); Collins, 21 Va. App. at 681-87, 467 S.E.2d at 284-87 (Benton, J., dissenting) (noting that the commission's power to amend an award for a party's mistake requires a showing of a mutual mistake of fact).

Credible evidence established that the mistake was made by the commission's claims department.  Therefore, I would also affirm the commission's ruling.