COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia


ANN M. SANTOS

MEMORANDUM OPINION[*] BY
v.    Record No. 2712-98-4      JUDGE ROSEMARIE ANNUNZIATA
                                     MARCH 7, 2000
ROBERT O. SANTOS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

Peter M. Fitzner (Matthews, Snider, Norton &
Fitzner, on brief), for appellant.

Ronald L. Eakin (Ronald L. Eakin, P.C., on
brief), for appellee.


Anne M. Santos (wife) appeals from the decision of the

Fairfax County Circuit Court which, upon her divorce from

Robert O. Santos (husband), interpreted the meaning of the

parties' post-nuptial property agreement.  On appeal, wife

contends the court erred in valuing husband's real property and

civil service retirement pension under the terms of the

agreement.  We hold the trial court did not err in valuing the

contested assets, and we affirm.

## VALUATION OF REAL ESTATE

"Property settlement . . . agreements are subject to the

same rules of construction and interpretation applicable to

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

contracts generally."  Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).  "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court."  Id.

"The construing court must give effect to all of the language of [the instrument] if its parts can be read together without conflict."  Kelln v. Kelln, 30 Va. App. 113, 125, 515 S.E.2d 789, 795 (1999) (quoting Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983)).  "[A] unilateral mistake . . . will not be rescinded or reformed absent evidence of fraud by the other party."  J & D Masonry, Inc. v. Kornegay, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982).  When "the trial court fully approve[s] the report of a commissioner in chancery . . . the trial court's decree will not be reversed on appeal unless it is plainly wrong."  Chaney v. Haynes, 250 Va. 155, 158, 458 S.E.2d 451, 453 (1995).

We hold the trial court did not err in approving the commissioner's report on the value of husband's real estate and in determining the fair market value by taking into account the amount of the outstanding mortgages.  Wife contends the court should have based its valuation of the real estate on a dictionary definition of "fair market value," which, she

-

contends, does not reflect consideration for outstanding liens or encumbrances on the subject property.[1]  We disagree.

The parties' intent in employing the term "fair market value" in their marital agreement must be determined from the contract itself.  Marital agreements are contracts and are subject to the same rules of construction that govern contracts generally.  See Douglas v. Hammett, 28 Va. App. 517, 523, 507 S.E.2d 98, 101 (1998) (separation agreements and property settlement agreements are contracts); Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985) ("[W]e must apply the same rules of interpretation [to property settlement agreements as are] applicable to contracts generally.").  "It is the function of the court to construe the contract made by the parties, not to make a contract for them."  Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984) (citations omitted).  The applicable rules of construction require us to construe all provisions of the contract together and to determine the meaning in this fashion where possible.  See Kelln, 30 Va. App. at 125, 515 S.E.2d at 795 (citing Berry, 225 Va. at 208, 300 S.E.2d at 796.)

---

[1] "Fair Market Value" is defined as "[a]n amount at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts."  Black's Law Dictionary 537 (5th ed. 1979).

-

Here, the property values used in husband's 1981 schedule of assets (attached to the PSA) clearly resulted from a calculation of the fair market value of the property less the outstanding mortgage balance. Indeed, wife stipulated that the value placed on the property at that time was "net of any encumbrances." We cannot say from the evidence that the trial court's decision to approve the report of the commissioner in chancery on this issue is plainly wrong. We accordingly conclude that the trial court correctly construed the agreement as a whole, including the attached schedules of assets, to determine the parties' intent and that the court properly calculated the value of husband's real estate in 1991 in light of the methods actually used to determine the value of husband's real estate in 1981.

Accordingly, we affirm the trial court's valuation of husband's real estate under the agreement.

### VALUATION OF PENSION

We also hold that the trial court did not err in rejecting the commissioner's report on the issue of husband's pension and in concluding that husband's right to receive retirement benefits on a monthly basis until his death was not an asset under the terms of the parties' agreement. "When a chancellor refers a cause to a commissioner for assistance and relief from certain duties incidental to the progress of a cause . . . [h]e is not bound by the commissioner's recommendations. It is the

-

chancellor's duty to review the evidence according to the correct principles of law and arrive at his own conclusions." Lawrence v. Lawrence, 212 Va. 44, 47, 181 S.E.2d 640, 643 (1971) (citing Green v. Green, 199 Va. 927, 931, 103 S.E.2d 202, 204-05 (1958)).  If the trial court determines that the commissioner's findings are not supported by the evidence, the court should reject them.  See Jones v. Jones, 26 Va. App. 689, 694, 496 S.E.2d 150, 153 (1998).

> "[W]here the chancellor has disapproved the commissioner's findings, [an appellate court] must review the evidence and ascertain whether, under the correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court.  Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear and evaluate the witnesses at first hand."

Id. (quoting Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984) (additional citations omitted)).

Husband's list of assets, which was made part of the agreement, indicated that his retirement fund had a value of $25,820.90 at the time the parties executed the agreement.  The value established was the cash value of the account based on husband's contributions to it.  The uncontradicted evidence also established that husband withdrew his cash contributions and

-

their earnings when he retired in 1989.[2]  The trial court valued

the husband's pension using the method of valuation used by the

parties themselves in the agreement and found, based on the

evidence, that husband's retirement did not have any value at

the time of the parties' divorce.  The court's underlying

premise was that any other construction would contravene the

intent of the parties as exhibited by the method of valuation

used in 1981.  Because the parties' agreement required valuation

and division of the parties' assets upon termination of the

marriage and made no provision for division of future benefits,

the trial court lacked the authority to order a division of such

funds under the terms of the agreement.  While such a

construction of the agreement may result in a windfall to

husband, "[c]ourts cannot relieve one of the consequences of a

contract merely because it was unwise . . . [or] rewrite a

contract simply because the contract may appear to reach an

unfair result."  Pelfrey v. Pelfrey, 25 Va. App. 239, 245, 487

S.E.2d 281, 284 (1997) (citation omitted).

---

[2] The trial court found the agreement ambiguous and held
that the commissioner properly accepted parol evidence to aid in
interpreting the agreement.  On appeal, neither party objects to
this evidence.

-

For the reasons stated in this opinion, we affirm the court's ruling on both the real estate and pension valuation issues.

Affirmed.

Elder, J., concurring, in part, and dissenting, in part.

I concur in the portion of the majority opinion which affirms the ruling of the trial court on the real property valuation issue. However, I would hold that the majority errs in affirming the trial court's ruling on the pension valuation issue. Therefore, I respectfully dissent.

I would hold the trial court erred in failing to give proper deference to the commissioner's recommendation that husband's right to receive monthly retirement benefits of $2,020 was an asset with a value of $390,938 under the parties' agreement. The trial court acknowledged the proper standard but failed to apply it:

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report. On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong; but where the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to

-

> see, hear, and evaluate the witnesses at
> first hand.

Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984) (citations omitted); see Jones v. Jones, 26 Va. App. 689, 694-95, 496 S.E.2d 150, 153 (1998).

Here, the parties' agreement listed husband's "Retirement" as an asset having a value of $25,820.90 as of January 1981. Contrary to the detail provided in the real estate schedule, the agreement provided no indication of how the value of husband's retirement was calculated. At the hearing before the commissioner, husband testified that the value he placed on his retirement as of 1981 was how much he had contributed, which was equal to the pension's "cash out value" if he terminated employment. He also testified that when he retired on December 30, 1989, he took the cash value of the account in a lump sum of about $55,000, which equaled his contributions to the account, and that the account had no cash value after that time.

Wife introduced conflicting evidence of the pension's value. She offered the testimony of Thomas Borzilleri, an economic consultant accepted by the commissioner as an expert on pension valuation. Borzilleri explained that, even after husband took the $55,000 lump sum payment on his retirement, he was entitled to $2,020 per month for the remainder of his life. Borzilleri then opined that husband's pension benefit had a market value of $390,938 as of the date of the parties' divorce

-

based on "the price the Federal Government would have to pay in today's financial markets, to discharge its pension liability to [husband], by purchasing a replacement contract to pay the promised benefit."

The commissioner construed the agreement and the attached property value charts together as one complete agreement and concluded that, because husband's value chart listed his retirement, the parties must have intended to include the value of the retirement in their agreement. He then accepted the expert testimony of value offered by wife as "the only competent evidence of value of the pension." Implicit in this statement is that the commissioner rejected husband's testimony about the parties' method of valuing the pension when the agreement was executed and his method of valuing the pension as of the parties' divorce. This rejection is consistent with the principle that ambiguous contractual provisions should be strictly construed against the contract's drafter, see Jennings v. Jennings, 12 Va. App. 1187, 1194, 409 S.E.2d 8, 13 (1991), --in this case, husband.

The trial court, in rejecting the commissioner's recommendation, credited husband's testimony as to the parties' method of valuing the pension in the agreement and as to the value of the pension at the time of the divorce. On review of this ruling, as set out above, we "must give due regard to the commissioner's ability, not shared by the [trial court], to see,

-

hear and evaluate the witnesses at first hand."  Jones, 26 Va. App. at 694, 496 S.E.2d at 153.  Under this standard, I would hold that the evidence, including the implicit credibility determinations made by the commissioner, supports the commissioner's recommendation.  Here, as in Jones, "[t]his is not to say there is no evidence to support the trial court's conclusion.  However, the commissioner's report came to the trial court with a presumption of correctness, and the trial court made no finding that the commissioner's report was unsupported by the evidence."  Id. at 695, 496 S.E.2d at 153 (citations omitted).  Further, as set out above, the evidence supports the commissioner's recommendation.

For this reason, I would reverse the ruling of the trial court on the pension valuation issue and remand to the trial court for a ruling that wife is entitled under the agreement, in addition to the amount the trial court already awarded wife, to half the value of husband's civil service retirement benefit as determined by the commissioner.  Therefore, I respectfully dissent from the majority's affirmance of this issue.

-