# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge Humphreys and Senior Judge Annunziata
Argued by videoconference

TRACY A. IRBY

v.     Record No. 0662-20-3

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
NOVEMBER 17, 2020

LIFEPOINT HEALTH AND
  SAFETY NATIONAL CASUALTY CORPORATION

### FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Cerid E. Lugar (Lugar Law, on brief), for appellant.

Matthew J. Griffin (Jonnie L. Speight; Lucas & Kite, PLC on brief),
for appellees.

On April 21, 2020, the Workers' Compensation Commission ("the Commission") found

that LifePoint Health and Safety National Casualty Corporation ("LifePoint") violated

Commission Rule 4.1 and Virginia Code § 65.2-701 but declined to impose sanctions or enter an

award based upon these statutory violations. The Commission also found that the February 26,

2018 award order was properly vacated and that Tracy A. Irby ("Irby") failed to meet her burden

of proof for an award of continuing disability or medical treatments. Irby appeals, assigning

error to both the Commission's decision to set aside an award order due to mistake and its

finding that she failed to meet her burden of compensable injury. She additionally assigns error

to the denial of her "[m]otion for [s]anctions and [e]quitable [r]emedy request to honor the fully

executed March 9, 2018 [a]ward [a]greement," challenging the Commission's assertion that it

did not have the authority to award her requested remedies.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On October 20, 2017, Irby suffered an injury while working at Wythe County Community Hospital as a certified nursing assistant.  On November 3, 2017, she filed a claim for benefits arising out of her injury.  Over a period of approximately two years, Irby saw multiple doctors and specialists for injuries that she believed were causally connected to the injury from October 20, 2017.  Amanda L. Daughtery ("Daughtery"), a family nurse practitioner, treated Irby several times in the weeks immediately following her injury for neck pain, cervical radiculopathy, nausea, numbness, tingling, and other symptoms.  Daughtery performed an MRI and subsequently referred Irby to neurosurgeon Dr. J. Travis Burt ("Burt").  Burt evaluated Irby and reviewed her MRI results.  He stated that her "[c]ornucopia of symptoms" was not remotely explained by the MRI and was unrelated to "any type of work trauma."  On December 27, 2017, Burt stated that he believed all symptoms causally related to Irby's work injury had resolved and suggested she resume regular work.

Dr. Rollin James Hawley ("Hawley"), another neurologist, saw Irby on January 15, 2018.  Hawley stated that Irby had mild damage to her right ulnar nerve, and his evaluation was "suggestive, but not diagnostic, of chronic . . . [c]ervical [r]adiculopathy."  For pain relief, he recommended weight loss, limited flexion of her elbows, and that she hold "her head straight up and forward[,] resting her neck" and suggested massage, heat, and stretching.

On May 14, 2018, Catherine Harrington ("Harrington"), a family nurse practitioner, referred Irby to physical therapy and pain management treatment with Dr. Murray E. Joiner ("Joiner").  Joiner's physician's assistant opined that Irby required pain management for continuing symptoms causally related to her workplace injury.

On January 31, 2019, Dr. James M. Leipzig ("Leipzig"), an orthopedic physician, evaluated Irby and said that there was "no objective evidence whatsoever to support any work

restrictions" as a result of the accident. He opined that Irby's presenting symptoms were not related to her work injury.

The Commission received an award agreement signed only by Irby on February 21, 2018. Although it was unsigned by representatives of LifePoint, on February 26, 2018, the Commission entered an award order predicated on that agreement.

On March 9, 2018, a claims representative for LifePoint signed a copy of the award agreement, which already contained Irby's signature. On May 7, 2018, LifePoint filed a request for review of the February 26, 2018 award order with the Commission. LifePoint also moved to vacate the award on the basis that no enforceable agreement between the parties existed when the February 26, 2018 order was entered by the Commission.

The agreement, now signed by both parties, was subsequently filed with the Commission by Irby on May 8, 2018, one day after the Commission received LifePoint's request for review. On May 14, 2018, LifePoint filed a notice with the Commission that withdrew their approval of the March 9, 2018 agreement as submitted by Irby. The Commission vacated the February 26, 2018 award order on May 14, 2018. The claim was remanded to the deputy commissioner for evidentiary hearings, which occurred on October 10, 2018, and August 1, 2019. On August 28, 2019, the deputy commissioner found that Irby proved a compensable injury that resolved as of December 27, 2017, and entered an award in her favor for temporary total disability benefits through December 27, 2017, medical benefits as necessary, and an attorney's fee of five hundred dollars. The deputy commissioner denied Irby's request for sanctions and other recourse against LifePoint based on the "reasons stated in the Commission's [o]pinion of May 14, 2018, which vacated the [February 26, 2018] [a]ward."

Irby filed a motion to reconsider, arguing that the deputy commissioner did not make a specific ruling regarding LifePoint's failure to file the March 9, 2018 award agreement after

- 3 -

signing per their statutory duty under Code § 65.2-701(B). The deputy commissioner vacated her earlier opinion, allowed LifePoint to respond, and issued a November 5, 2019 opinion reaffirming her earlier findings.

Irby filed a request for review with the full Commission. On April 21, 2020, the Commission found that Irby was not entitled to either sanctions or equitable relief against LifePoint for their failure to file the March 9, 2018 award agreement. The Commission also held that it did not err in vacating the February 26, 2018 award order and that Irby did not meet her burden of proof for compensable injury beyond December 27, 2017. This appeal follows.

## II. ANALYSIS

### A. Standard of Review

Unlike questions of fact, which are binding on this Court if supported by credible evidence, legal determinations by the Commission are reviewed *de novo*. Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127 (1999) (quoting Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57 (1996)).

The General Assembly statutorily mandates that the Commission's findings after reviewing a deputy commissioner's decision are "conclusive and binding as to all questions of fact." King William Cnty. v. Jones, 65 Va. App. 536, 545 (2015) (interpreting Code § 65.2-706). Whether a claimant suffers a continuing disability is a question of fact to be determined by evidence. See Hoffman v. Carter, 50 Va. App. 199, 216 (2007). On appeal, we view the evidence in the light most favorable to the party prevailing below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212 (1990). As such, "[w]e are bound by the Commission's factual findings where those findings are supported by credible evidence in the record," despite the existence of contrary evidence or contrary evidentiary inferences. Herbert Clements & Sons,

- 4 -

Inc. v. Harris, 52 Va. App. 447, 452 (2008) (quoting Tomes v. James City Fire, 39 Va. App. 424, 430 (2002) (interpreting Code § 65.2-706)).

## B. Vacated Award

Irby contends that the Commission erred in granting LifePoint's motion to vacate the February 26, 2018 award order for temporary total disability benefits and lifetime medical benefits. She argues that Code § 65.2-705(A) prevents the Commission from vacating an award after the thirty-day review window has passed. However, Code § 65.2-705(A) addresses requests for review by the Commission of a deputy commissioner's award, not applications to vacate due to fraud or mistake. An ordinary application for review of an award by the Commission is quite different from a request to vacate due to mistake or fraud. Irby conflates the procedural requirements for these processes in her brief. The Commission has the authority to entertain and hear an application to vacate and set aside an award on the grounds of fraud or mistake if it is timely presented. Harris v. Diamond Const. Co., 184 Va. 711, 721 (1946). What constitutes a "timely presentation" of an application to vacate is dependent upon the facts and circumstances of the case; the Commission is not bound by the statutory thirty-day deadline for review of award agreements because an application to vacate is not within the purview of Code § 65.2-705(A). Id. at 717, 721.

Here, the Commission received an award agreement signed only by Irby on February 21, 2018. Code § 65.2-701(A) requires that a memorandum of agreement between employer and employee be "in the form prescribed by the Commission" and "filed with the Commission for approval." The award agreement form created and utilized by the Commission explicitly requires signatures from both the injured worker and the employer or an insurer. Although the agreement form contained only Irby's signature, the Commission entered a subsequent award order based on it on February 26, 2018. However, without the employer's signature as required

by the form, that award order was procedurally deficient and entered by mistake.[1]  Because of the Commission's mistake, it had the power to correct its mistake and vacate the award, even though the period for an application for review lapsed.  See Harris, 184 Va. at 718.  Accordingly, we conclude that the Commission did not err in vacating the February 26, 2018 award.[2]

### C.  Sanctions and Equitable Remedy

Irby next posits that the Commission erred by refusing to impose the previous award as either a sanction or as an equitable remedy.  The Commission held that it was not at liberty to sanction LifePoint in a manner not expressly provided for in the statute, which is an incorrect interpretation of Code § 65.2-701(B).  Rather, Code § 65.2-701(B) provides that employers or carriers who fail to file a memorandum of a completed agreement with the Commission "*may* be subject to a fine not to exceed $1,000 and to *any* other appropriate sanctions of the Commission." (Emphasis added).  Thus, according to the plain language of the statute, the Commission has broad authority to impose sanctions on employers or carriers who neglect to timely file a completed agreement, excepting only a $1,000 limit on monetary fines.  We agree with Commissioner Marshall in his concurrence that Code § 65.2-701(B) does not restrict the Commission to a monetary penalty but is a broad grant of authority, limited only with respect to the amount of any financial penalty.  Regardless, we need not further address the propriety of

---

[1] The parties agree that entry of an award without one party's signature is a procedural mistake.

[2] Irby relies heavily on J & D Masonry v. Kornegay, 224 Va. 292, 294 (1982), wherein both an injured employee and employer signed, and the Commission approved, an award agreement.  Irby's reliance on this case is misplaced.  The dispositive issue in J & D was whether the employer proved fraud or mutual mistake of fact regarding a fully endorsed agreement.  224 Va. at 295.  In the instant case, the underlying award agreement was never properly executed and was not fully endorsed.  The Commission, Irby, and LifePoint all agree that entry of an award without one party's signature was a procedural mistake.  Because there is no contest regarding whether the February 26, 2018 award was erroneous, J & D is inapplicable.

Irby's requested sanctions because the Commission had the discretion to decline to impose any sanctions.

The Commission found that a representative of LifePoint signed a copy of the settlement agreement, already containing Irby's signature, on March 9, 2018. That now-complete signed agreement was substantively identical to the earlier award entered in error on February 26, 2018. However, contrary to the requirements of Code § 65.2-701(A)-(B), LifePoint did not promptly file it with the Commission. Nevertheless, whether to impose sanctions against a party is left entirely to the discretion of the Commission. The Commission "may" impose sanctions on an employer or insurer who violates Code § 65.2-701(A)-(B) but is not required to do so. Its decision not to enforce sanctions against LifePoint is within the discretion granted to the Commission by statute and will not be disturbed on review.[3]

Essentially, the Commission vacated its mistakenly issued award, declined to reimpose the same award under the guise of a sanction, and addressed the merits of Irby's claim for benefits. In the absence of a properly executed and approved agreement, Code § 65.2-702(A) clearly grants the Commission the authority to decide the merits of Irby's claim for benefits, pursuant to LifePoint's request for review.

Code § 65.2-702(A) states in pertinent part:

> If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this title, *or if they have reached such an agreement which has been signed and filed with the Commission* and compensation has been paid or is due in accordance therewith *and the parties thereto then disagree*

---

[3] Irby further argues that the Commission erred in denying her request for an equitable remedy. Pursuant to Rule 5A:18, an objection must be stated with reasonable certainty at the time of the Commission's ruling to be preserved for appellate review. In her November 26, 2019 request for review by the full Commission, Irby indicated that she properly preserved the issue in her January 15, 2019 "motion for sanctions and equitable remedy." That motion requested only implementation of the fully executed award agreement as a sanction and attorney's fees. It did not reference an equitable remedy. Because Irby did not preserve the issue of equitable remedy, we decline to review it.

> as to the continuance of any weekly payment under such agreement, *either party may make application to the Commission for a hearing in regard to the matters at issue and for a ruling thereon.*

(Emphasis added).

Here, because no valid award agreement between Irby and LifePoint was ever approved by the Commission, as required by Code § 65.2-702(A), either party was permitted to make an application to the Commission for a hearing and ruling on the matters at issue.

The statutory scheme found in Code §§ 65.2-701(C), 65.2-702(A) and 65.2-705(A), when read together, encourages agreements by the parties to settle claims while also permitting either party to withdraw from an agreement and allowing the Commission to decide the merits of the claim. Notably, unlike Code § 65.2-705(A) there is no time constraint on when either party may request a hearing from the Commission under Code § 65.2-702(A). Irby argues that LifePoint's May 7, 2018 request for review was untimely because it was filed over thirty days after the February 26, 2018 award agreement. However, that award was vacated by the Commission, so there was no award and no agreement between the parties at that point. Code § 65.2-702(A) clearly provides that regardless of whether an agreement has been reached, either party may apply to the Commission for a hearing at any time. LifePoint filed for a request for review of the February 26, 2018 award order on May 7, 2018. The deputy commissioner subsequently heard and decided Irby's claim on the merits pursuant to that request, and the full Commission affirmed. We conclude that the Commission did not err in doing so.

### D. Burden of Compensable Injury

Irby also asks this Court to hold that the Commission erred in finding that she did not meet the requisite burden of proving her disabilities beyond December 27, 2017. An individual seeking workers' compensation benefits bears the burden of proving her disability and the periods of that disability. See Hoffman, 50 Va. App. at 216 (quoting Marshall Erdman & Assocs. v. Loehr, 24

- 8 -

Va. App. 670, 679 (1997)). Additionally, "[t]here is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time." Id.

Whether Irby suffered a continuing disability after December 27, 2017, is a question of fact. Here, the Commission found the evaluations of Burt and Leipzig compelling. After evaluating Irby, both doctors separately opined that her symptoms after December 27, 2017, were not causally related to her work injury on October 20, 2017. Although Irby presented evidence that contradicted Burt and Leipzig's findings, the Commission may, as the fact finder, weigh contradictory accounts and find one more compelling than the other. Accordingly, we hold that the Commission did not err in finding that Irby did not meet her burden of proof regarding ongoing injury, and the judgment of the Commission is affirmed.

Affirmed.