UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Athey
Argued at Fredericksburg, Virginia


EMAN MAHAMED

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1098-22-4                      JUDGE RANDOLPH A. BEALES
                                                         AUGUST 8, 2023

ALEXANDRIA CITY PUBLIC SCHOOLS, ET AL.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            M. Thomas McWeeny (Koonz, McKenney, Johnson, DePaolis &
            Lightfoot, L.L.P., on brief), for appellant.

            Justin R. Main (Siciliano, Ellis, Dyer & Boccarosse PLC, on brief),
            for appellees.


        Eman Mahamed appeals from a decision of the Workers' Compensation Commission

denying her request to amend her pre-injury average weekly wage and for additional disability

compensation. On appeal, Mahamed asks that this Court reverse the Commission's June 28, 2022

decision and "modify [her] average weekly wage to $535.60, with a corresponding compensation

rate of $357.07 weekly under § 65.2-101(1)(a)-(b)."

                                    I. BACKGROUND

        Eman Mahamed, a school nutrition assistant for Alexandria City Public Schools, sustained a

compensable injury to her right shoulder on November 12, 2019. Following an agreement between

Mahamed and her employer, an award order was entered on January 26, 2021, which provided

medical benefits and temporary total disability benefits to Mahamed beginning December 10, 2019.

Mahamed and her employer had agreed that her pre-injury average weekly wage was $439.19.

---

        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

Pursuant to Code § 65.2-500, the January 26, 2021 award order provided Mahamed a compensation rate of 66 and 2/3% of her agreed-upon average weekly wage: $292.79 per week during the periods of her total incapacity.

On April 21, 2021, Mahamed's treating physician released her to work without restrictions. Upon returning to work in May 2021, Mahamed determined, and argued to this Court in her opening brief, that she was receiving a paycheck that was "significantly less than she had been receiving prior to her injury and [she] did not understand why her salary had been reduced." Subsequently, on June 11, 2021, Mahamed filed a claim for wage loss replacement with the Commission and later filed a "Motion to Amend Average Weekly Wage and Correct Prior Awards & TPD Claim" on August 20, 2021.

A hearing was scheduled to hear Mahamed's claims on October 19, 2021. However, Mahamed and her employer reached an agreement before that date. On October 14, 2021, after considering the parties' stipulations, and given that Mahamed had been released to work, the Commission entered a stipulated order "that the temporary total disability award be terminated effective April 23, 2021" and that Mahamed's claims "are hereby dismissed without prejudice to the claimant's right to refile and without the 90-day rule applied to the June 11, 2021 claim."

On October 22, 2021, Mahamed filed a "Claim for Benefits & Motion To Amend Average Weekly Wage and Amend Prior Awards." In her filing, Mahamed sought to increase her pre-injury average weekly wage from $439.19 to $583.35. Mahamed also sought additional medical benefits, and Alexandria City Public Schools agreed to that latter request. Consequently, the deputy commissioner entered an award in favor of Mahamed providing the agreed medical benefits. The award provided for continuing medical benefits pursuant to Code § 65.2-603 for as long as necessary, and it specifically included treatment for right shoulder and neck/cervical spine injuries

related to her compensable injury, treatment by Dr. Rodney Dade, and a cervical spine MRI as ordered by Dr. Jeffrey Lovallo.

However, in the same award order, the deputy commissioner denied Mahamed's request to modify her pre-injury average weekly wage and her request for additional temporary total disability compensation and temporary partial disability compensation. The deputy commissioner found that "after being agreed to by the parties and set forth in an award of the commission," an award order that was entered pursuant to an agreement between the parties is subject to modification only "upon the grounds of fraud, misrepresentation, mistake or imposition" and that the claimant bears the burden of proving these grounds. *Eman Mahamed v. Alexandria City Public Schools, et al.*, JCN VA00001673611 (Va. Workers' Comp. Comm'n Mar. 16, 2022) (citing *Mercy Tidewater Ambulance Serv. v. Carpenter*, 29 Va. App. 218, 226 (1999)); *John Driggs Co. v. Somers*, 228 Va. 729, 734 (1985). Applying this standard to the evidence in the record, the deputy commissioner found that no fraud, misrepresentation, mistake, or imposition caused the parties to agree on the amount of $439.19 as Mahamed's average weekly wage. The deputy commissioner found that Mahamed was represented by counsel when she signed the award agreement prior to the January 26, 2021 award and that she could have argued for a higher average weekly wage amount at that time or before. The deputy commissioner ultimately determined that Mahamed failed to carry her burden to show fraud or an imposition, such that her average weekly wage should be modified.

Mahamed requested review of the portion of the deputy commissioner's decision that was adverse to her—namely, the denial of her request to amend her average weekly wage. Upon review, the full Commission unanimously affirmed the deputy commissioner and found that no grounds of fraud, misrepresentation, mistake, or imposition were present that would authorize the Commission to modify Mahamed's average weekly wage. Mahamed now appeals to this Court.

## II. ANALYSIS

On appeal, the appellant bears "the burden of showing that the Commission committed reversible error." *Jones v. Crothall Laundry*, 69 Va. App. 767, 774 (2019) (internal quotation marks omitted); *see Humphries v. Newport News Shipbuilding & Dry Dock Co.*, 183 Va. 466, 476 (1945) ("The finding of the Industrial Commission is presumed to be correct and the burden is on appellant in this court to point out the error committed by the Commission." (citation omitted)). "[T]he full commission is the factfinder for commission proceedings." *Meidan, Inc. v. Leavell*, 62 Va. App. 436, 442 (2013). As such, "the Commission's factual findings are 'conclusive and binding' if 'supported by credible evidence.'" *Jones*, 69 Va. App. at 774 (quoting *Layne v. Crist Elec. Contractor, Inc.*, 64 Va. App. 342, 350 (2015)); *Carrington v. Aquatic Co.*, 297 Va. 520, 522 (2019) ("The Commission's determinations of fact are conclusive and binding on appeal."). This is true "even [if] there is evidence in the record to support a contrary finding." *Jones*, 69 Va. App. at 774 (alteration in original) (quoting *City of Waynesboro v. Griffin*, 51 Va. App. 308, 317 (2008)). "This deference to the Commission's factfinding necessarily requires that we . . . construe the evidence in the light most favorable to the prevailing parties before the Commission." *Jeffreys v. Uninsured Employer's Fund*, 297 Va. 82, 87 (2019). Such deference to the Commission, however, does not extend to questions of law, which this Court reviews *de novo*. *Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 127 (1999) (en banc).

Mahamed asks this Court to reverse the Commission's June 28, 2022 decision and increase her average weekly wage from $439.19 to $535.60. She argues for a number of reasons that such an increase is necessary to make her whole. However, both this Court and the Commission are creatures of limited power, and we can modify an award order only if it is timely appealed or is properly before us on other grounds.

- 4 -

The original award order here, which awarded Mahamed temporary total disability benefits beginning December 10, 2019, was entered on January 26, 2021. The award order approved the award agreement, which was signed by Mahamed and her employer, and set Mahamed's average weekly wage at $439.19. Furthermore, the original award order itself informed Mahamed, "If any party wishes to dispute this Award Order, a Request for Review (appeal) must be filed within 30 days of the date of this Order." The date of the order was January 26, 2021. However, over three months passed from that date before Mahamed first raised the argument to the Commission that she now presents here. It was not until after Mahamed returned to work in May 2021 that she filed a motion to amend her average weekly wage. At that point, the time to file for a review of the original award order had well since passed. *See* Code § 65.2-705. Consequently, Mahamed did not timely seek review of this award.

However, even after the time to request review of an award by the full Commission has passed, a party can still invoke the limited power that the Commission retains to protect its award orders. *See Harris v. Diamond Constr. Co.*, 184 Va. 711, 720 (1946). To modify an award order that is not timely filed for review, the moving party (here Mahamed) bears the burden to allege grounds of fraud, misrepresentation, mistake, or imposition—and then prove those grounds by clear and convincing evidence. *See Ashby v. Red Jacket Coal Corp.*, 185 Va. 202, 207 (1946) ("The charge of fraud is one easily made, and the burden of proving it rests on the party alleging its existence." (citation omitted)). If the moving party does not meet this burden, then the Commission has no power to amend the challenged award. *Butler v. City of Virginia Beach*, 22 Va. App. 601, 604 (1996) ("Absent clear and convincing evidence of fraud, misrepresentation, mutual mistake, or imposition the commission has no authority to vacate an award from which no party sought timely review."); *see J & D Masonry v. Kornegay*, 224 Va. 292, 295 (1982) ("In the

exercise of its power to set aside a final award upon the ground of fraud or mistake . . . , the moving party must prove the allegations upon which he seeks relief by positive and direct evidence which is clear and convincing.").

Consequently, the average weekly wage set by the original award order can now be modified only if Mahamed alleged fraud, misrepresentation, mistake, or imposition to the Commission and "prove[d] the allegations upon which [she] [sought] relief by positive and direct evidence which is clear and convincing." *Kornegay*, 224 Va. at 295; *Butler*, 22 Va. App. at 604.

The Commission found that Mahamed failed to meet this burden. The deputy commissioner was "not persuaded on the record before [it] that any fraud, misrepresentation, mistake or imposition resulted in the previously agreed upon average weekly wage of $439.19." This decision was then unanimously affirmed by the full Commission. Given that the Commission has no power to amend the original award order absent grounds of fraud, misrepresentation, mistake, or imposition, if the Commission did not err in finding that Mahamed failed to prove such grounds existed here, then this Court cannot reverse the Commission's decision not to amend Mahamed's average weekly wage.

On appeal to this Court, none of Mahamed's assignments of error claim that the Commission erred in finding that Mahamed failed to prove fraud, misrepresentation, mistake, or imposition by clear and convicting evidence. Neither can her assignments of error be read to subsume an argument that her award order should be revisited based on any of those grounds. Furthermore, Mahamed failed to present any such argument on brief to this Court. In both her

assignments of error and her brief to this Court, Mahamed never mentions "fraud," "mistake," "misrepresentation," or "imposition."[1]

Rule 5A:20(c) precludes us from reaching the question of whether the Commission erred in finding no grounds of fraud, misrepresentation, mistake, or imposition because Mahamed did not assign error to that finding in her appeal to this Court. *See Fox v. Fox*, 61 Va. App. 185, 202-03 (2012); *Winston v. Commonwealth*, 51 Va. App. 74, 82 n.4 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); *see also Hillcrest Manor Nursing Home v. Underwood*, 35 Va. App. 31, 39 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)).

Each of Mahamed's assignments of error on appeal to this Court necessarily relies on the Commission's ability to revisit her agreed award order and to modify her total temporary disability compensation rate found in that agreed award order. The Commission can do so only upon grounds of fraud, misrepresentation, mistake, or imposition. However, both the deputy commissioner and the full Commission found that Mahamed failed to prove any such grounds by clear and convincing evidence. Because Mahamed has failed to assign error to that on appeal— or even actually argue it on brief to this Court, we cannot address this finding by the Commission

---

[1] Mahamed's assignments of error argue that the Commission (1) "failed to apply Virginia Code § 65.2-101(1)(A)," (2) "erred in finding that calculating the Average Weekly Wage in accordance with Virginia Code § 65.2-101(1)(A) . . . would 'not approximate the Appellant's loss of income,'" (3) "erred in holding that the Appellant's decision not to seek additional employment during the 'summer months'" supported dividing her average weekly wage by 52 weeks, (4) "erred in refusing to calculate the Appellant's Average Weekly Wage in accordance with Virginia Code § 65.2-101(1)(A), *subtracting one week from a 52 week wage calculation for every seven consecutive days lost*," (5) "erred in relying upon the prior holding of Scott v. Virginia Beach (City of) School Board, 78 O.W.C. 199 (1999)," (6) "erred in failing to adequately take into consideration the public policy ramifications," and (7) "erred in not otherwise finding a 41 week division of the Appellant's yearly earnings of $21,959.46 most appropriate under Virginia Code § 65.2-101(1)(B)." (Emphasis in original).

on appeal. Rule 5A:20(c); *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 698 n.1 (2012) ("Under our Rules, we only address arguments encompassed by an appellant's express 'assignment of error' in his brief."). Consequently, because Mahamed did not timely seek review of her original award order, there are no grounds upon which to revisit Mahamed's January 26, 2021 award order and amend her average weekly wage. *See Butler*, 22 Va. App. at 604 ("Absent clear and convincing evidence of fraud, misrepresentation, mutual mistake, or imposition the commission has no authority to vacate an award from which no party sought timely review.).

Furthermore, we find that Mahamed's failure to comply with Rule 5A:20 is significant and that by failing to raise this argument in her assignments of error or in her opening brief, the argument has been waived. *See Jay v. Commonwealth*, 275 Va. 510, 520 (2008). Consequently, we cannot disturb the Commission's decision.

### III. CONCLUSION

Mahamed signed an award agreement that set her average weekly wage at $439.19. This agreement was approved by an award order of the Commission on January 26, 2021. Given that Mahamed did not seek to appeal the decision regarding the amount of her average weekly wage within 30 days of the Commission's order (and even until after she returned to work in May 2021), Mahamed did not timely file for review by the full Commission of her agreed award order. Under the circumstances here, Mahamed's award order can now be modified only if she alleged fraud, misrepresentation, mistake, or imposition to the Commission and "prove[d] the allegations upon which [she] [sought] relief by positive and direct evidence which is clear and convincing." *Kornegay*, 224 Va. at 295. The Commission found that Mahamed failed to prove that modification of the agreed award order was appropriate on grounds of fraud, misrepresentation, mistake, or imposition.

Furthermore, on appeal to this Court, Mahamed never even assigned error to the Commission's finding that Mahamed did not prove fraud, misrepresentation, mistake, or imposition. Since Mahamed never assigned error to that threshold finding by the Commission, Rule 5A:20(c) of the Rules of the Supreme Court of Virginia precludes us from reaching the question of whether Mahamed proved by clear and convincing evidence that modification of her average weekly wage is appropriate. *See Fox*, 61 Va. App. at 202-03.

Consequently, given that Mahamed did not timely seek review of her January 26, 2021 award order, and given that Mahamed never assigned error on appeal to the Commission's threshold finding that would have to be reversed before Mahamed's average weekly wage could be modified (i.e., the Commission's finding that Mahamed failed to prove fraud, misrepresentation, mistake, or imposition), the Commission did not err in now declining to increase Mahamed's average weekly wage. Therefore, for all of these reasons, we do not disturb the Commission's decision.

*Affirmed*.