COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and Huff
Argued at Alexandria, Virginia

ANDRE JONES

v.    Record No. 1070-18-4

CROTHALL LAUNDRY AND
 NEW HAMPSHIRE INSURANCE COMPANY

OPINION BY
CHIEF JUDGE MARLA GRAFF DECKER
FEBRUARY 12, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Casey Duchesne (ChasenBoscolo Injury Lawyers, on brief), for
appellant.

Charles F. Midkiff (Brendan C. Horgan; Midkiff, Muncie & Ross,
P.C., on brief), for appellees.

Andre Jones (the claimant) appeals the Workers' Compensation Commission's decision

denying his claim for benefits. He argues that the Commission erred by finding that his injury

was caused by his violation of a known safety rule and that the rule was enforced by Crothall

Laundry (the employer). For the following reasons, we determine that credible evidence

supports the Commission's finding that the claimant's act of entering the employer's machinery

area without using the gate, which would have deactivated the equipment, proximately caused

his injury. In addition, the Commission did not err in concluding that the employer enforced the

safety rule. Consequently, we affirm the Commission's decision.

PUBLISHED

## I. BACKGROUND[1]

On October 14, 2017, the claimant worked as a "team leader" for the employer, a commercial laundry facility operator. That day, he entered a fenced area in which laundry was processed in order to move some mops. As the claimant did so, a piece of moving machinery pinned his leg against a conveyor belt. He suffered a serious leg injury as a result.

The claimant sought medical and disability benefits for his injury. The employer defended against the claim based on the claimant's alleged failure to follow a safety rule.

At the evidentiary hearing, the deputy commissioner considered the claimant's deposition and live testimony. The claimant explained that the area in which he received his injury was surrounded by a chain link fence. He acknowledged that employees were supposed to enter the area through the interlock gate in the fence. According to the claimant, the gate was designed to deactivate the machinery in the interior area when opened. The claimant affirmed that he knew that this particular safety rule existed and was enforced. Nevertheless, on the day of his injury, the claimant bypassed the gate and entered the area with the machinery through a separate opening in the fence without deactivating the equipment. The entire sequence of events was recorded on a video that was entered into evidence.

There was some evidence that employees did not always enter the fenced area through the gate. Nelson Gonzales, a "[t]unnel operator" for the employer and coworker of the claimant, testified that he had seen other unnamed employees entering the fenced area by circumventing the gate. Gonzales said that he had observed such actions in the presence of supervisors. However, he had never reported the safety rule violations to his supervisor.

---

[1] On appeal from the Commission, we view the evidence in the light most favorable to the prevailing party before the Commission, in this case, the employer. See Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 345 (2015).

- 2 -

The claimant explained that opening the gate at times failed to deactivate the machines but he believed the gate was working properly on the day of his injury.[2] He said that both a button and a kick plate inside the fenced area would also stop the machinery when pressed. According to the claimant, he attempted to press them but did not manage to deactivate the equipment before his injury. These alleged actions are not observable on the video of his entry into the fenced area and the resulting accident.

Two managers testified regarding the enforcement of the safety rule at issue in this case. Christopher Hallow,[3] a general manager for the employer, stated that an employee who entered the fenced area without opening the gate to de-energize the equipment first would be terminated. Hallow explained that three months before the accident, he had given a verbal warning to other workers whom he overheard discussing the possibility of entering the fenced area without opening the gate. Further, he testified that he was not "aware that anybody was" entering the fenced area without using the gate. Carlos Gordon, a production manager for the employer, confirmed that the company enforced the safety rule that employees must enter the fenced area only through the interlock gate.

After hearing the case, the deputy commissioner found that the employer proved that the claimant violated a known safety rule and that such conduct was the proximate cause of his injury. Noting some inconsistencies in the claimant's testimony, the deputy commissioner also concluded that the employer enforced the known safety rule. He reasoned that consequently the claimant was not entitled to benefits.

_____

[2] Carlos Gordon, a manager for the employer, also testified that to his knowledge, the interlock gate system was functioning correctly on the day of the claimant's injury.

[3] The parties and Commission refer to this person as "Christoper Hawa," but the only spelling in the evidentiary record is "Hallow."

The claimant requested review by the Commission. The Commission unanimously affirmed the decision of the deputy commissioner. It concluded that the claimant's violation of a known safety rule was the proximate cause of his injury. The Commission also credited the evidence that the rule was enforced.

## II. ANALYSIS

The claimant appeals the Commission's denial of benefits. He argues that the Commission erred in denying his claim for benefits because the employer did not meet its burden to establish the defense that he violated a known safety rule.

As the appellant in this case, the claimant bears the "burden of showing" that the Commission committed "reversible error." See Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012). Further, this Court defers to the Commission in its role as fact finder. Vital Link, Inc. v. Hope, 69 Va. App. 43, 53 (2018). In our analysis, the Commission's factual findings are "'conclusive and binding'" if "supported by credible evidence." Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 350 (2015) (quoting Mills v. Va. Elec. & Power Co., 197 Va. 547, 551 (1955)). This principle applies "even [if] there is evidence in the record to support a contrary finding." City of Waynesboro v. Griffin, 51 Va. App. 308, 317 (2008) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279 (1986)). The appellate court simply does not "retry the facts, reweigh . . . the evidence, or make [its] own determination of the credibility of the witnesses." Layne, 64 Va. App. at 345 (quoting McKellar v. Northrop Grumman Shipbuilding Inc., 63 Va. App. 448, 451 (2014)).

An employee seeking workers' compensation benefits must prove an injury (1) "caused by an accident," (2) arising out of and (3) "sustained in the course of the employment." Rush v. Univ. of Va. Health Sys., 64 Va. App. 550, 555-56 (2015) (quoting Southland Corp. v. Parson, 1

Va. App. 281, 284 (1985)); see Code § 65.2-101 (defining "employee" and "injury"). The standard of proof is a preponderance of the evidence. Rush, 64 Va. App. at 556.

If the employee meets this burden, the employer can present certain defenses to defeat the claim. See Layne, 64 Va. App. at 349 (noting that the employer bears the burden of proving the elements of a defense under Code § 65.2-306(A)). In pertinent part, Code § 65.2-306(A) provides that an employee is not entitled to workers' compensation benefits for an injury "caused by" the employee's "willful breach of any reasonable rule . . . adopted by the employer and brought, prior to the accident, to the knowledge of the employee." Review of the Commission's decision on the willful breach defense presents a mixed question of law and fact. Mouhssine v. Crystal City Laundry, 62 Va. App. 65, 73 (2013).

To prevail on the defense of a willful breach of a safety rule, the employer must prove that the rule was "reasonable," that it was "known to the employee," and that it was for the employee's benefit. Layne, 64 Va. App. at 349-50 (quoting Owens Brockway v. Easter, 20 Va. App. 268, 271 (1995)). Additionally, the employer must establish that "the employee intentionally undertook the forbidden act" and that the breach of the relevant rule proximately caused the injury. See id. at 350 (quoting Owens Brockway, 20 Va. App. at 271). Finally, the Commission must consider whether the employer enforced the safety rule. Mouhssine, 62 Va. App. at 72-73. An employer's "[h]abitual disregard of the rule" is a basis for rejecting the defense that an employee willfully breached that safety rule. Id. at 73 (emphasis omitted) (quoting Peanut City Iron & Metal Co. v. Jenkins, 207 Va. 399, 404 (1966)).

Here, the claimant challenges only the Commission's conclusions that his breach of the safety rule was the proximate cause of his injury and that the employer enforced the rule at issue.[4]

## A. Proximate Cause of the Injury

Whether the breach of a safety rule proximately caused the injury is a question of fact on which we defer to the Commission. See Owens Brockway, 20 Va. App. at 272; Layne, 64 Va. App. at 350. It may be established through direct or circumstantial evidence. Turf Care, Inc. v. Henson, 51 Va. App. 318, 325 (2008) (explaining that circumstantial evidence "is entitled to as much weight as direct evidence, provided it is sufficiently convincing" (quoting Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 357 (2004))).

"Proximate cause 'is that act or omission which, in natural and continuous sequence, unbroken by an . . . intervening cause, produces the event, and without which that event would not have occurred.'" Office of the Comptroller v. Barker, 275 Va. 529, 539 (2008) (quoting Doherty v. Aleck, 273 Va. 421, 428 (2007)). The law recognizes that "[t]here may be more than one proximate cause of an event." Westlake Props., Inc. v. Westlake Pointe Prop. Owners Ass'n, Inc., 273 Va. 107, 125 (2007) (quoting Molchon v. Tyler, 262 Va. 175, 182 (2001)).

The claimant suggests that the proximate cause of his injury was that he did not succeed in turning off the equipment from within the fenced area. He also points to the fact that another area of the facility separate from where his injury occurred, which also contained dangerous

---

[4] The other elements of the defense of willful breach are not before us on appeal: whether the rule was reasonable, whether the claimant knew the rule, whether it was for his benefit, and whether the claimant intentionally "undertook the forbidden act." See Layne, 64 Va. App. at 349-50.

machinery, was not surrounded by a fence and, consequently, the safety rule would not have prevented the accident in the other location.[5] We disagree with the claimant's arguments.

Credible evidence in the record supports the Commission's factual finding that the claimant's violation of the relevant safety rule regarding use of the interlock gate proximately caused his injury. The claimant could have entered the fenced area through the gate, as his employer required him to do, thus causing the machinery within the area to automatically deactivate. Instead, he circumvented the gate and entered the area through a small opening not designed for ingress while the machines continued to operate. One of these machines pinned the claimant's leg and injured it. The fact that the claimant may have intended to stop the machinery by using the button or kick plate but failed to do so before the injury occurred does not constitute an intervening cause that disrupted the chain of events. In addition, the fact that another laundry processing area, separate from where the accident occurred, did not have a fence does not impact the proximate cause analysis.[6] Based on the record, the relevant considerations are the facts pertaining to the safety rules and procedures in place at the location where the injury occurred. The claimant's circumvention of the interlock gate exposed him to the dangers of the activated equipment and resulted in the accident that caused his injury. If the claimant had entered the area through the gate and thereby automatically shut down the machinery before entering the area, the accident would not have occurred. For these reasons, the Commission did not err by finding that the claimant's breach of the known safety rule was a proximate cause of his injury.

---

[5] In this other area of the facility, turning off the machine required approaching it in order to do so.

[6] We address only the claimant's arguments and do not analyze any relevance that this fact may have to the unchallenged elements of the willful breach defense, such as whether the safety rule at issue was for the employees' benefit.

B. Enforcement of the Known Safety Rule

Whether the evidence was sufficient to establish that the employer enforced the known safety rule is a mixed question of law and fact. Gwaltney of Smithfield, Ltd. v. Hagins, 32 Va. App. 386, 393 (2000). In reviewing such a question, we give the Commission deference in its role as a fact finder but review *de novo* its "application of the law to those facts." See Rodriguez ex rel. Estate of Rodriguez v. Leesburg Bus. Park, LLC, 287 Va. 187, 193 (2014).

"[T]he purpose of the enforcement of workplace safety rules analysis is to consider the employer's efforts to achieve its employees' compliance with the workplace safety rule—not necessarily to focus on any specific punishment given to a particular employee who has failed to comply." Mouhssine, 62 Va. App. at 75 (emphasis omitted). "Proof of a pattern or practice of failing to discipline employees guilty of willful violations of a safety rule defeats the defense afforded an employer . . . , *but only when such violations occur 'under circumstances charging the employer with knowledge and acquiescence.'*" Id. at 80 (quoting Va. Elec. & Power Co. v. Kremposky, 227 Va. 265, 270-71 (1984)).

The claimant himself acknowledged that the safety rule requiring employees to enter the fenced area through the gate, thereby deactivating the equipment in the area, was enforced. A member of the safety committee, the claimant specifically recognized that supervisors would have "do[ne] something about it" if they had known that he had violated the rule. Two managers, Hallow and Gordon, also testified that the rule was enforced. Hallow stated that an employee who entered the fenced area without first opening the gate to de-energize the equipment would be terminated. This direct evidence clearly supports the Commission's conclusion that the employer enforced the safety rule.

The claimant points to certain portions of the record in support of his argument that the employer did not enforce the safety rule. He primarily relies on Gonzales' statement that he had

observed other employees entering the fenced area by circumventing the gate in the presence of supervisors. The claimant also suggests that the evidence that the employer had issued one verbal reprimand did not establish a pattern of enforcement. He further argues that the fact that he had violated the safety rule many times was evidence that the employer knew of the violations and ignored them. Finally, he notes that the employer had a video recording of his accident, and he suggests that the lack of video of other rule violations "undercuts the case that safety is taken seriously." Clearly, the claimant had the opportunity to make these arguments to the Commission. It was the hearing body responsible for resolving any conflicts in the record regarding whether the employer knew of and failed to address any employee violations of the safety rule in such a manner as to defeat the defense. As the appellate court, we do not re-weigh the evidence. Layne, 64 Va. App. at 345. The Commission acted within its purview as the finder of fact in accepting the claimant's statement and the two managers' testimony that the safety rule was enforced.

Credible evidence supports the Commission's factual findings underlying its conclusion that the employer enforced the known safety rule that employees enter the fenced area through the gate in order to deactivate the equipment before entering. In addition, the Commission correctly applied the relevant law to those facts. For these reasons, we affirm the Commission's conclusion that the employer enforced the pertinent safety rule.

### III. CONCLUSION

Credible evidence supports the Commission's finding that the claimant's violation of a known safety rule proximately caused his injury. In addition, the record supports the Commission's conclusion that the employer enforced the safety rule at issue in this case. Accordingly, the Commission did not err in denying the claimant benefits for his injury due to

his willful breach of the known safety rule. Therefore, we affirm the Commission's decision denying the claimant benefits.

Affirmed.