COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Russell and Malveaux
Argued at Norfolk, Virginia


PARKER MIZELLE

                                             MEMORANDUM OPINION* BY
v.       Record No. 1115-19-1               JUDGE MARY BENNETT MALVEAUX
                                                   MARCH 10, 2020

HOLIDAY ICE, INC. AND
 GRAPHIC ARTS MUTUAL INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Carlton F. Bennett (Alexander R. McDaniel; The Law Firm of
          Carlton F. Bennett, PLLC, on brief), for appellant.

          Amanda Tapscott Belliveau (Joseph T. McNally; McCandlish
          Holton, P.C., on brief), for appellees.


     Parker Mizelle ("claimant") appeals a decision of the Virginia Workers' Compensation

Commission ("the Commission").  Injured in a motor vehicle accident, claimant argues the

Commission erred in finding that he was barred from an award of benefits because he willfully

failed to put on a seat belt.  He further argues the Commission erred in finding that his injuries were

proximately caused by his failure to wear a seat belt.  For the following reasons, we affirm the

Commission's decision.

                                   I.  BACKGROUND

     "On appeal from a decision of the . . . Commission, the evidence and all reasonable

inferences that may be drawn from that evidence are viewed in the light most favorable to the

prevailing party below," in this case, Holiday Ice, Inc. ("employer").  City of Charlottesville v.

_____

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Sclafani, 70 Va. App. 613, 616 (2019) (alteration in original) (quoting Anderson v. Anderson, 65 Va. App. 354, 361 (2015)).

So viewed, the evidence established that claimant worked for employer during the summer of 2018. His job duties included delivering trailers of ice to various locations.

Claimant testified that on September 6, 2018, employer needed a "party trailer" of ice delivered to Smithfield. Claimant stated that he was told the delivery "needed to be done quickly[,] . . . kind of like in a hurry." However, he also stated that he thought the ice simply "needed to be delivered by a certain time, just like most of the trailers that are sent out . . . need to be delivered by a certain time." Claimant "got in the truck and went" but did not put on his seat belt.

Claimant further testified that since first obtaining a driver's license, he had known that Virginia law "says you're supposed to put [a seat belt] on before you start driving." He acknowledged his understanding that the seat belt law "still applied" and stated that when he began driving the truck, he knew that he "had to put [his seat belt] on, . . . didn't put it on yet, but . . . intended to do so at some point." He agreed that to his knowledge, nothing was wrong with the truck's seat belt and that he understood its purpose was to hold him in place, prevent him from bouncing around, and keep him from being ejected in the event of an accident.

Claimant stated that less than five minutes after he began driving the truck, he felt a bump while traveling on a four-lane, divided highway. He looked in the driver's side mirror and saw that the trailer was "beside" him on the left side of his vehicle. Claimant attempted to "recorrect the truck to try to get the trailer back behind." When he did so, the truck veered from the highway into the median. Claimant's vehicle crossed the median into oncoming traffic and collided head-on with a dump truck.

- 2 -

Claimant, who still was not wearing his seat belt when the collision occurred, testified that he could not remember whether his body struck anything within the truck cab before he was ejected from the vehicle. He did not feel any discomfort until he "came to," at which point he was lying on the pavement. Claimant was airlifted to Sentara Norfolk General Hospital where he was treated for numerous injuries, including kidney, liver, and spleen lacerations, a broken left scapula and rib, and a pulmonary contusion.

Claimant filed a claim seeking payment of unpaid medical bills and an award of medical benefits and temporary total disability benefits from the date of the accident.

Employer defended the claim, in part, on the ground that Code § 65.2-306(A)(4) barred compensation due to claimant's willful misconduct in "refus[ing] to perform a duty required by statute"—specifically, his "failure to wear a seatbelt, as required by . . . Code § 46.2-1094," which "resulted in his injuries."[1] In support of its defense alleging willful misconduct, employer entered into evidence a questionnaire completed by Dr. Michael Martyak, the trauma physician who treated claimant at Sentara Norfolk General Hospital. In responding to the questionnaire, Dr. Martyak opined that claimant's injuries were "consistent with being caused by an ejection and impact with the ground" and that "it is more likely than not that use of a seatbelt would have limited or avoided [claimant's] injuries."

The deputy commissioner found that claimant had suffered a compensable injury by accident and that employer had not met its burden of proving that claimant's failure to wear a seat belt constituted willful misconduct barring him from compensation. The deputy commissioner awarded claimant lifetime medical benefits and temporary total disability benefits.

---

[1] Code § 46.2-1094(A) provides, in pertinent part, that "[a]ny driver . . . of a motor vehicle equipped . . . with a safety belt system . . . shall wear the . . . safety belt system at all times while the motor vehicle is in motion on any public highway."

Employer requested review by the full Commission.

On review, the Commission reversed and vacated the award of benefits after finding that claimant's willful violation of a statute had proximately caused his injuries. Noting it was uncontested that claimant knew he was required by law to use a seat belt and was not doing so at the time of the accident, the Commission rejected claimant's argument that his conduct was not willful because he lacked "'wrongful intent' or a 'wrongful state of mind.'" Relying on Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 355 (2015), the Commission noted that to find "willful[]" misconduct in the context of Code § 65.2-306 simply required proof that claimant had known a rule and yet intentionally done what it had prohibited; employer was not required to show that claimant had the rule in mind and was determined to break it. Further, to do something "intentionally" meant to do it "purposely and not accidentally." Id. at 356 (quoting Smith v. Commonwealth, 282 Va. 449, 454 (2011)). With these principles in mind, the Commission found that claimant's failure to wear his seat belt had not been due to negligence or inattention but to willful misconduct because he "knew of his obligation to wear the seatbelt. He drove the truck with knowledge that he was not wearing his seatbelt and that he needed to put it on. He admitted he intended to put [it] on, but nevertheless failed to do so." Further, the Commission found that "there was no exigency that would excuse . . . claimant's failure to fasten his seatbelt."

The Commission also found that based upon the medical evidence and claimant's own description of the accident, "claimant's injuries were proximately caused by his failure to wear a seatbelt and resulting ejection from the vehicle." The Commission noted that the only impact testified to by claimant was that of his body hitting the ground after he was ejected and that he did not testify to experiencing any pain or injuries prior to that point. Further, Dr. Martyak's

- 4 -

opinion supported the conclusion that claimant's injuries resulted from hitting the ground after being ejected.

Claimant appealed the Commission's decision to this Court.

## II. ANALYSIS

Claimant argues the Commission erred in finding that he willfully failed to put on his seat belt and in finding that his failure to wear his seat belt proximately caused his injuries.

"As the appellant in this case, . . . claimant bears the 'burden of showing' that the Commission committed 'reversible error.' Further, this Court defers to the Commission in its role as fact finder." Jones v. Crothall Laundry, 69 Va. App. 767, 774 (2019) (citation omitted) (quoting Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012)). Thus, in our analysis, factual findings by the Commission are conclusive and binding if they are supported by credible evidence. Id. "This principle applies 'even [if] there is evidence in the record to support a contrary finding.' The appellate court simply does not 'retry the facts, reweigh . . . the evidence, or make [its] own determination of the credibility of the witnesses.'" Id. (alterations in original) (citation omitted) (first quoting City of Waynesboro v. Griffin, 51 Va. App. 308, 317 (2008), then quoting Layne, 64 Va. App. at 345). "Whether credible evidence exists to support a factual finding is a question of law," Hercules, Inc. v. Gunther, 13 Va. App. 357, 361 (1991), and this Court "review[s] questions of law *de novo*," Advance Auto and Indem. Ins. Co. of N. Am. v. Craft, 63 Va. App. 502, 514 (2014).

To obtain benefits for an injury under the Virginia Workers' Compensation Act, an employee must prove, "by a preponderance of the evidence[,] three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." Rush v. Univ. of Va. Health Sys., 64 Va. App. 550, 556 (2015) (quoting Southland Corp. v. Parson, 1 Va. App. 281, 283-84 (1985)).

"If the employee meets this burden, the employer can present certain defenses to defeat the claim." Jones, 69 Va. App. at 775. Relevant here, Code § 65.2-306(A)(4) provides, in pertinent part, that no compensation shall be awarded to an employee for an injury caused by "[t]he employee's willful failure or refusal to . . . perform a duty required by statute."

To prevail when asserting a defense of willful misconduct under Code § 65.2-306(A), the employer must prove that: (1) "the safety rule [or other duty] was reasonable"; (2) the rule or duty "was known to [the employee]"; (3) the rule or duty "was for [the employee's] benefit"; and (4) the employee "intentionally undertook the forbidden act." Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 332 (1993) (alterations in original) (quoting Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 334 (1989)). The employer must also prove that such misconduct was a proximate cause of the employee's injury. Brockway v. Easter, 20 Va. App. 268, 271 (1995). Proximate cause, intent, and whether an employee was guilty of willful misconduct are all issues of fact. Id. at 272; Layne, 64 Va. App. at 358.

## A. Willful Failure to Wear a Seat Belt

Claimant first argues the Commission erred in finding that he engaged in willful misconduct because he "did not have the requisite intent when he failed to put on his seatbelt."[2] He contends that employer was required to prove his "deliberative intent" to refrain from putting on his seat belt and that proof of such a "wrongful intention" required evidence of more than mere negligence through inattention or inadvertence. Claimant asserts that the record is devoid of such evidence.

---

[2] The first three elements of the defense of willful misconduct are not before us in this appeal. Consequently, we confine our analysis to the question raised by claimant in his first assignment of error: whether he willfully failed to put on his seat belt before driving on the highway, and thus intentionally undertook an act prohibited by Code § 46.2-1094(A).

Our Supreme Court has "interpreted the meaning of the word 'willful' from Section 14 of the former Workmens' [*sic*] Compensation Act—which is now Code § 65.2-306 of the current Workers' Compensation Act. The Supreme Court [has] explained that willful in this context means 'with deliberate intent.'" Layne, 64 Va. App. at 355 (quoting Riverside & Dan River Cotton Mills, Inc. v. Thaxton, 161 Va. 863, 872 (1934)). The Court has further explained that if an employee knows that an action is forbidden, "and yet intentionally does the forbidden thing, he has willfully failed to obey." Id. (quoting Riverside, 161 Va. at 872). It is unnecessary "*for the employer to show that the employee, having the rule in mind, determined to break it; it is enough to show that, knowing the rule, he intentionally performed the forbidden act*." Id. (quoting Riverside, 161 Va. at 872). Further, "the Supreme Court has explained [that] 'The adverb "intentionally" is defined as follows: "To do something purposefully and not accidentally."'" Id. at 356 (quoting Smith, 282 Va. at 454). Thus, "[a] *wilful* [*sic*] failure or refusal to perform a duty required by statute . . . embodies the right of election. It is the rejection of something demanded" and "involves the exercise of the will in making a choice, action rather than mere inaction. It is not mere negligence, however gross." King v. Empire Collieries Co., 148 Va. 585, 590-91 (1927) (interpreting Section 14 of the former Workmen's Compensation Act, now Code § 65.2-306). Stated differently, "[t]he employee must will, or intend, not to comply with the statute." Id. at 591.

Guided by these principles, we reject claimant's argument that the Commission erred in finding that he engaged in willful misconduct. Claimant testified that he was aware of the statutory requirement that he wear a seat belt when driving a motor vehicle. He acknowledged his understanding that the seat belt requirement applied to him and that he was supposed to put his seat belt on before he began driving. He further acknowledged that while he intended to put it on at some point, he did not do so prior to driving the truck. The Commission found that these

circumstances established that claimant's failure to wear his seat belt was willful, and we conclude this finding was not in error. By his own admission, claimant knew that he was forbidden to drive a motor vehicle without wearing a seat belt, and yet he "intentionally undertook the forbidden act." Buzzo, 17 Va. App. at 332 (quoting Spruill, 8 Va. App. at 334). Further, by acknowledging that he intended to put his seat belt on at some point, and yet did not put it on when he knew he was required to do so—*i.e.*, when he began to drive the truck— claimant demonstrated that he was violating Code § 46.2-1094(A) purposefully, not accidentally, and with deliberate intent. See Layne, 64 Va. App. at 355, 356. Claimant's conduct clearly demonstrated his rejection of what the statute demanded and his willful choice not to comply with the statute. See King, 148 Va. at 591. Therefore, because credible evidence in the record supports the Commission's factual finding that claimant willfully failed to wear his seat belt, and thus willfully failed to comply with the requirements of Code § 46.2-1094, it is binding on this Court, and we will not disturb it on appeal.[3]

### B. Proximate Cause of Claimant's Injuries

Claimant further argues the Commission erred because there was insufficient credible evidence to prove that his injuries were proximately caused by his failure to wear his seat belt. He contends that although he only testified to one impact, which occurred when he hit the ground after being ejected from the truck, given the nature of the collision and his loss of

---

[3] At oral argument, counsel for claimant also contended that claimant's failure to use his seat belt was excused by an "exigent circumstance"—specifically, his need to quickly deliver the trailer of ice. As noted above, the Commission found that no exigency excused claimant's failure to use his seat belt. Claimant has not assigned error to this finding by the Commission, and his assignment of error does not encompass whether, even if willful, his failure to use his seat belt was excused by exigent circumstances. Claimant has thus waived the issue of exigent circumstances for purposes of our review. See Rule 5A:20(c); Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 698 n.1 (2012) (noting that the employer did not assign error to a ruling of the Commission and that "[u]nder our Rules, we only address arguments encompassed by an appellant's express 'assignment[s] of error' in his brief").

consciousness, he would not have been "able to differentiate the impact from the collision and the impact from hitting the ground." Claimant also contends there is no credible evidence that his injuries would have been prevented by wearing a seat belt. Additionally, claimant challenges the weight given to Dr. Martyak's opinion by the Commission because the questionnaire completed by the doctor was prepared by employer's counsel, lacked a narrative format, and contained leading and conclusory assertions.[4]

"Proximate cause 'is that act or omission which, in natural and continuous sequence, unbroken by an . . . intervening cause, produces the event, and without which that event would not have occurred.'" Jones, 69 Va. App. at 776 (alteration in original) (quoting Office of the Comptroller v. Barker, 275 Va. 529, 539 (2008)). Proximate cause of an injury may be proven by circumstantial evidence, which is "as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 357 (2004) (quoting Montague v. Commonwealth, 40 Va. App. 430, 439 (2003)).

We are not persuaded by claimant's argument. It is uncontested that claimant was not wearing his seat belt when his accident occurred and that when he struck a dump truck, he was ejected from his vehicle and landed on the pavement. The trauma physician who treated claimant at the hospital, Dr. Martyak, opined that claimant's injuries were "consistent with being caused by an ejection and impact with the ground" rather than with other causative factors, such

---

[4] Claimant also argues that he had no opportunity to cross-examine Dr. Martyak regarding the questionnaire. Claimant has waived any argument with respect to this issue, because neither at the hearing before the deputy commissioner, nor in his written position statement submitted to the deputy commissioner, nor in his written statement on review before the full Commission did claimant raise this issue. See Rule 5A:18; Newport News Shipbuilding & Dry Dock Co. v. Wardell Orthopaedics, P.C., 67 Va. App. 404, 413 (2017) (holding that an issue was barred from appellate consideration where it was "never raised . . . before the Commission" and the claimant did not argue for application of the "good cause" or "ends of justice" exceptions to Rule 5A:18).

as the impact of the collision itself or claimant being struck by portions of his own truck or the dump truck. Dr. Martyak further opined that it was "more likely than not that use of a seatbelt would have limited or avoided [claimant's] injuries." Dr. Martyak's medical opinion evidence was uncontradicted, and the Commission was free to credit his opinion, as it did. See Vital Link, Inc. v. Hope, 69 Va. App. 43, 64 (2018) (noting that a treating physician's opinion is entitled to great weight by the Commission); Paramont Coal Co. Va., LLC v. McCoy, 69 Va. App. 343, 358 (2018) ("The credibility of an expert witness and the weight assigned to an expert opinion are factual matters within the purview of the Commission."). The Commission found that claimant's injuries were proximately caused by his failure to wear his seat belt and his resulting ejection from his truck, and the uncontested and uncontroverted evidence noted above supports that finding. Because the Commission's factual finding of the proximate cause of claimant's injuries is supported by credible evidence in the record, it is binding on this Court and we will not disturb it on appeal.

## III. CONCLUSION

Credible evidence supports the Commission's finding that claimant willfully failed to wear a seat belt and thus engaged in willful misconduct. Credible evidence further supports the Commission's finding that claimant's injuries were proximately caused by his failure to wear a seat belt. Consequently, we affirm the Commission's decision that claimant's willful misconduct barred him from receiving an award of benefits.

Affirmed.