COURT OF APPEALS OF VIRGINIA

Present: Judge O'Brien, Malveaux, and Senior Judge Frank

UNPUBLISHED

LOUDOUN COMPOSTING, LLC
 AND SELECTIVE INSURANCE COMPANY
 OF SOUTH CAROLINA

MEMORANDUM OPINION[*] BY
v.      Record No. 0412-20-2                     PER CURIAM
                                                 JUNE 30, 2020
JORGE A. HERNANDEZ


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Warren H. Britt; Anne C. Byrne; K. Brent Jones; Britt, Byrne &
Warren, PLLC, on brief, for appellants).

(Andrew S. Kasmer; The Law Offices of Andrew S. Kasmer, P.C.,
on brief, for appellee).


Loudoun Composting, Inc. and Selective Insurance Company of South Carolina

(collectively employer), appeal a decision of the Worker's Compensation Commission (the

Commission), awarding medical and disability benefits to Jorge A. Hernandez (claimant). On

appeal, employer argues that the Commission erred in determining that it failed to meet its

burden to prove willful misconduct or violation of a safety rule. For the reasons that follow, we

affirm the decision of the Commission.

As the appellant in this case, employer bears the "burden of showing" that the

Commission committed "reversible error." Jones v. Crothall Laundry, 69 Va. App. 767, 774

(2019). This Court defers to the Commission in its role as fact finder. Vital Link, Inc. v. Hope,

69 Va. App. 43, 53 (2018). "[T]he Commission's factual findings are 'conclusive and binding'

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

if 'supported by credible evidence.'" Jones, 69 Va. App. at 774 (quoting Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 350 (2015)).

Claimant had worked for employer, a yard waste recycling manufacturer, for about three years before the accident. Claimant testified that his job duties required him to clean the inside of a trommel two or three times a day. Employer estimated that claimant had cleaned the trommel more than one hundred times. The trommel is a large barrel, positioned on its side and surrounded by screening, that rotates to filter out plastic, large pieces of wood, and dirt from yard waste to make mulch. The trommel is powered by a diesel engine and has a key switch. When the key is turned to the right, the engine turns on. When the key is "straight up and down," it is in the off position.

Claimant testified that on May 24, 2018, he made sure the key was in the off position before he entered the trommel. When he got into the trommel, it was not moving. He entered the trommel and started cleaning. After about two minutes, he felt "that it was turned on suddenly and it started spinning." Claimant yelled as hard and as loud as he could as he spun inside the trommel, hitting his back, hands, head, and "everywhere." The machine stopped, and claimant was lying inside the cylinder when he heard "Kevin" say, "Jorge, I am sorry, I didn't know you were in there." Claimant was taken to a hospital. On cross-examination, claimant was asked "the procedure for turning that machine on." Claimant stated that when the key is turned to the on position, an alarm goes off before the engine starts.

Employer presented evidence addressing generally the procedures for cleaning the trommel, including turning off the machine before entering it. Employer presented evidence that when the key is turned to the on position, an alarm sounds for fifteen to thirty seconds before the engine begins to run. Hydraulic levers must be moved to cause the trommel to turn. A mechanic for employer also testified that it "would not be easy to get inside [the trommel] when it's

- 2 -

moving[.]" Employer presented no evidence from witnesses who were at the scene at the time of claimant's accident.

Employer's First Report of Injury filed with the Commission stated, "Cleaning inside of tr[o]mmel someone turned on causing injuries." The record included the Loudoun County Fire-Rescue "Pre-Hospital Patient Care Report" dated May 24, 2018, that stated, "Coworkers claimed that [patient was] . . . tumbled in a mulch sifter that was inadvertently turned on while he was cleaning it." A Reston Hospital Center Emergency Provider Report stated, "EMS reports patient was cleaning inside of a tumble machine when it was turned on . . . ." When claimant saw a doctor at an orthopedic and spine institute for neck, back, knee, and right shoulder pain, the doctor recorded that claimant "was an employee at a trash management facility and was in a trash machine and while he was cleaning inside the machine another patron turned it on and caused him to flip around in the machine causing injury . . . ." At his first visit with a neurologist, claimant reported that "he was cleaning the inside of a tumbler machine at work when it was turned on, and he fell down rotating inside this tumbler."

Employer had twenty-three written safety rules, including Rule 23, which provided, "Always turn OFF equipment when fueling, greasing and cleaning. NEVER clean around equipment when the machine is running." The parties stipulated that claimant had received and signed a Spanish-translated version of the safety rules.

Code § 65.2-306(A) provides that an employee is not entitled to workers' compensation benefits for an injury "caused by" the employee's "willful breach of any reasonable rule . . . adopted by the employer and brought, prior to the accident, to the knowledge of the employee[.]"

> To prevail on the defense of a willful violation of a safety rule, employer must prove that: (1) the safety rule was reasonable; (2) the rule was known to the employee; (3) the rule was promulgated for the benefit of the employee; and (4) the employee intentionally undertook the forbidden act.

Gwaltney of Smithfield, Ltd. v. Hagins, 32 Va. App. 386, 393 (2000) (quoting Brockway v. Easter, 20 Va. App. 268, 271 (1995)).

Employer argues that claimant "intentionally undertook the forbidden act." Employer asserts that the evidence established that the trommel's alarm "must have sounded" while claimant was inside the device, claimant "must have heard the alarm" while he was inside the trommel, and claimant knew that the alarm "was an indicator that he needed to exit the trom[me]l." Employer concludes that claimant "must have ignored the alarm" and remained inside the trommel and, thus, willfully disobeyed Safety Rule 23.

"Intent 'is a question of fact to be determined from the evidence.'" Layne, 64 Va. App. at 358 (quoting Jacobsen v. Jacobsen, 41 Va. App. 582, 590 (2003)). Here, claimant presented the only evidence of what actually happened on the date of the accident. Indeed, no evidence was presented as to whether an alarm in fact even sounded when claimant was inside the trommel on that date. Nevertheless, claimant testified that the key was in the off position when he entered the trommel, the trommel was not turning when he entered it, and after he had been working inside the machine for two minutes, the trommel began to spin. After the trommel stopped turning, an employee apologized to claimant and said that he did not know that claimant was inside the trommel. Because credible evidence supports the Commission's finding that employer failed to meet its burden to prove that claimant willfully breached a known safety rule, we will not disturb that finding on appeal.

We have reviewed the record and the Commission's opinion and find that this appeal is without merit. We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.