COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Senior Judge Annunziata

UNPUBLISHED

J.L. EDWARDS ENTERPRISES, LLC AND
  SELECTIVE INSURANCE COMPANY
  OF THE SOUTHEAST

                                                    MEMORANDUM OPINION*
v.        Record No. 0431-20-2                            PER CURIAM
                                                         JULY 21, 2020

ROBERTO GAMEZ-MAYEN, JAIME GAMEZ,
  N.V. HOMES, INC., LIBERTY INSURANCE CORPORATION
  AND THE UNINSURED EMPLOYER'S FUND


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Warren H. Britt; Anne C, Byrne; K. Brent Jones; Britt, Byrne &
           Warren, PLLC, on brief), for appellants.

           (Brian P. Riley; Antezana & Antezana, LLC, on brief), for appellee
           Roberto Gamez-Mayen.

           (Justin R. Main; Siciliano, Ellis, Dyer & Boccarosse PLC, on
           brief), for appellee The Uninsured Employer's Fund.

           No brief for appellees Jaime Gamez, N.V. Homes, Inc. and Liberty
           Insurance Corporation.


        J.L. Enterprises, LLC and its insurer, Selective Insurance Company of the Southeast

(collectively employer), appeal a decision of the Workers' Compensation Commission (the

Commission), awarding medical benefits and temporary total disability benefits to Roberto

Gamez-Mayen (claimant).  On appeal, employer argues that the Commission erred in finding

that claimant suffered a compensable injury by accident arising out of and in the course of his

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

employment. Employer also contends that the Commission erred in finding that it was claimant's statutory employer.

As the appellant in this case, employer bears the "burden of showing" that the Commission committed "reversible error." Jones v. Crothall Laundry, 69 Va. App. 767, 774 (2019). This Court defers to the Commission in its role as fact finder. Vital Link, Inc. v. Hope, 69 Va. App. 43, 53 (2018). "[T]he Commission's factual findings are 'conclusive and binding' if 'supported by credible evidence.'" Jones, 69 Va. App. at 774 (quoting Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 350 (2015)). "This principle applies 'even [if] there is evidence in the record to support a contrary finding.' The appellate court simply does not 'retry the facts, reweigh . . . the evidence, or make [its] own determination of the credibility of the witnesses.'" Id. (quoting City of Waynesboro v. Griffin, 51 Va. App. 308, 317 (2008)).

Claimant testified that he was employed by Jaime Gamez (Jaime) as a carpenter. On March 8, 2018, claimant was working at a new housing development, installing trusses on the lower part of a garage when the trusses broke and he fell about twelve feet onto concrete, injuring his right rib, left hand, and left leg. Claimant stated that he had been working on the house for four days before the accident and that he worked on one house at a time.

On cross-examination, when asked which lot number claimant was working on when he fell, claimant answered, "I remember it was Lot 36, however, I asked the coworkers that were working there to tell me the name, the number that I was working at, and they gave me the wrong number. So, that's what I felt, where I fell[]." In addition, at his deposition in the case, claimant testified that his injury occurred on Lot 36, stating that he cannot read letters, but he can read numbers.

Employer is a construction company that performs carpentry, roofing, concrete, and siding work for several builders in Virginia. Jimmy Edwards, the owner of the business, testified

that in 2018, Jaime's crew was a subcontractor who framed seven houses for employer. Employer's Exhibit 2 showed that Jaime worked on the house located on Lot 35 of the development. A different subcontractor framed the house located on Lot 36. Lots 35 and 36 are located adjacent to each other.

Edwards testified that it usually took five to seven people to set trusses on a roof. On March 2, 2018, employer paid Jaime for performing fifty percent of the work on Lot 35. Edwards explained that a fifty percent payment meant that the house was "basically under roof" when Jaime received the fifty percent payment. On March 9, 2018, employer paid Jaime for the remainder of the job on Lot 35, which Edwards stated meant that the house was finished by that date. Edwards confirmed that Jaime's crew may have been working on the house located on Lot 35 between March 2, 2018 and March 9, 2018. Edwards also stated that there were occasions when employer advanced Jaime money "to keep the things going." He agreed that the payments made to Jaime on March 2, 2018 and March 9, 2018 could have been advance payments.

## I.

The Commission found that it was reasonable that claimant may have been mistaken about the lot number where he was working at the time of the accident, particularly because Lots 35 and 36 were located next to each other and because it was unclear whether claimant remembered the lot number or if his coworkers told him that he was working on Lot 36. Where testimony is equivocal, the fact finder may assess it in its entirety. O'Donoghue v. United Continental Holdings, Inc., 70 Va. App. 95, 112 (2019).

> If the testimony of a litigant "in its entirety does not unequivocally show that his case is without merit or if reasonable men may differ as to its effect, 'the [factfinder] must be permitted to pass upon the testimony and the effect thereof, taken together with all the other evidence in the case.'"

Olsten of Richmond v. Leftwich, 230 Va. 317, 320 (1985) (quoting Saunders and Rittenhouse v. Bulluck, 208 Va. 551, 553 (1968)).

Further, employer's evidence did not establish that the roof was already installed at the structure at the time that claimant fell. Edwards admitted that Jaime's crew worked on Lot 35 during the week of the accident and that he could have paid Jaime in advance for work performed on the house located on Lot 35. Based on the evidence presented, the Commission found that there was "not persuasive evidence to contradict the claimant's credible account that he was injured while installing trusses for Jaime Gamez at a house in the . . . development on that date." In addition, claimant's medical records corroborated that he fell while working on March 8, 2018 and suffered multiple injuries.

"In determining whether credible evidence exists, [this C]ourt does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Alexandria City Pub. Sch. v. Handel, 70 Va. App. 349, 354 (2019) (quoting Smith-Adams v. Fairfax Cty. Sch. Bd., 67 Va. App. 584, 590 (2017)). We find there is credible evidence to support the Commission's findings.

II.

In its second assignment of error, employer argues that the Commission erred in finding that employer was claimant's statutory employer. However, employer's opening brief contains no legal authority in support of this assignment of error. Rule 5A:20(e) requires that an appellant's opening brief contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Employer failed to include principles of law and authorities for this assignment of error. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Atkins v.

Commonwealth, 57 Va. App. 2, 20 (2010) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)).  Accordingly, we do not consider this assignment of error.

We have reviewed the record and the Commission's opinion and find that this appeal is without merit.  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.