UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

DICKENSON-RUSSELL COAL COMPANY, LLC AND
  BRICKSTREET MUTUAL INS. CO.
                                                    MEMORANDUM OPINION[*]
v.        Record No. 0328-21-3                           PER CURIAM
                                                     AUGUST 31, 2021
LARRY KISER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Timothy W. Gresham; Kendra R. Prince; Penn, Stuart & Eskridge,
            on brief), for appellants.

            (Paul L. Phipps, on brief), for appellee.


        Dickenson-Russell Coal Company, LLC and Brickstreet Mutual Ins. Co. (collectively

"employer") appeal a decision of the Workers' Compensation Commission awarding total

disability benefits to Larry Kiser (claimant).  On appeal, employer contends that the Commission

relied on insufficient evidence in finding that claimant was permanently and totally disabled

under Code § 65.2-504(A)(4) and that the Commission improperly discredited the opinion of

employer's medical expert.  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

Commission.  See Rule 5A:27.

                                      BACKGROUND

        This Court views the evidence in the light most favorable to the party who prevailed before

the Commission.  Paramont Coal Co. Virginia, LLC v. McCoy, 69 Va. App. 343, 349 (2018).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Therefore, the appellant here must show that the Commission committed reversible error. Jones v. Crothall Laundry, 69 Va. App. 767, 774 (2019).

This appeal arises out of claimant's underlying workers' compensation claim for pneumoconiosis. On September 14, 2017, Dr. M.R. Ramakrishnan diagnosed claimant with pneumoconiosis. Claimant then filed a claim with the Workers' Compensation Commission asserting that he developed pneumoconiosis and lost pulmonary function as the result of his exposure to coal dust while working for employer. On January 27, 2020, the Commission determined claimant contracted first stage pneumoconiosis and awarded him benefits for fifty weeks.

Claimant subsequently filed a claim seeking permanent disability benefits due to the pneumoconiosis. On March 12, 2020, Dr. Emory Robinette completed a questionnaire in relation to claimant's claim in which he (1) instructed claimant not to attempt to do any work in a mine or dusty environment and (2) confirmed that claimant had a "sufficient pulmonary function loss as shown by approved medical tests and standards to render him totally unable to do manual labor in a dusty environment." Dr. Robinette commented in the questionnaire: "progressive xray changes consistent with complicated CWP [coal workers' pneumoconiosis]/PMF [progressive massive fibrosis]." In a June 3, 2020 deposition, Dr. Robinette testified that claimant's CT scans, spirometry, and diffusion capacity demonstrated that claimant was unable to perform manual labor in a dusty environment and that his review of all of the data caused him to conclude that claimant had suffered a fifteen percent loss of lung function.

Claimant was also examined by Dr. Gregory J. Fino. In his March 13, 2018 report, Dr. Fino concluded that claimant did not suffer from pneumoconiosis. On July 30, 2020, Dr. Fino issued another report with respect to claimant's total disability claim, which found that claimant's blood gases and pulmonary function studies were normal and there was "no objective evidence of any

disability." Dr. Fino found no evidence that claimant had stage one pneumoconiosis or "sufficient pulmonary function loss to prevent him from doing heavy manual labor in a coal mine or any other dusty environment."

On November 19, 2020, a deputy commissioner denied claimant permanent disability benefits. Claimant requested review by the Commission, and on March 4, 2021, the Commission reversed the decision of the deputy commissioner and awarded permanent disability benefits. This appeal followed.

## ANALYSIS

Employer argues that the Commission erred in awarding total disability benefits to claimant because Dr. Robinette did not use "approved medical tests and standards" to prove that claimant was rendered "totally unable to do manual labor in a dusty environment" as required by Code § 65.2-504(A)(4). Additionally, employer argues that the Commission erred in discrediting Dr. Fino's medical opinion and relying on Dr. Robinette's opinion.

Under Code § 65.2-504(A)(4), an employee with pneumoconiosis qualifies for permanent disability if the employee demonstrates that the disease is "accompanied by sufficient pulmonary function loss as shown by approved medical tests and standards to render an employee totally unable to do manual labor in a dusty environment." In addition, the employee must also be "instructed by competent medical authority not to attempt to do work in any mine or dusty environment," and the employee must "in fact not [be] working." Code § 65.2-504(A)(4).

## I.

Employer argues that Code § 65.2-504(A)(4) requires "approved medical tests and standards" to demonstrate that claimant was unable to perform manual labor in a mine or dusty environment. Employer further contends that "any medical report or opinion submitted by the claimant must show the claimant's pulmonary function loss is sufficient to render him unable to do

manual labor in a dusty environment." Specifically, employer argues that the Commission erred in awarding permanent disability benefits to claimant because Dr. Robinette did not rely on the pulmonary function tests to determine that claimant was totally unable to perform manual labor in a dusty environment, but rather considered other tests, including radiographic ones. Additionally, employer asserts that Dr. Robinette's conclusion that claimant could not work in a dusty environment was erroneously based on his diagnosis that claimant had complicated pneumoconiosis as opposed to simple pneumoconiosis.

This Court recently determined what evidence was sufficient to demonstrate that an employee is unable to perform manual labor in a mine or dusty environment under the statute. See McCoy, 69 Va. App. 343. In McCoy, the Court rejected the employer's argument that the medical opinion supporting the employee's inability to work must be based on particular "medical tests and standards. Id. at 355-56. The Court found that "approved medical tests and standards" were required to prove pulmonary function loss and that "[t]he remainder of the relevant subsection, 'to render an employee totally unable to do manual labor in a dusty environment,' simply describes the degree of pulmonary function loss necessary to qualify as a permanent disability." Id. (quoting Code § 65.2-504(A)(4)). Thus, a physician may use information gained from sources other than "approved medical tests" to determine that an employee is unable to work in a dusty environment. Id. at 355.

Contrary to employer's assertion, Dr. Robinette was not confined to the pulmonary function tests to conclude that claimant was unable to work. He was permitted to rely on CT scans, spirometry, diffusion capacity, and other information in forming his conclusion. Therefore, viewing the evidence as a whole and in the light most favorable to claimant, the record supports both the conclusion that claimant had suffered a fifteen percent loss of lung function and that he was totally unable to perform manual labor in a dusty environment.

Employer also argues that Dr. Robinette's opinion regarding claimant's ability to work rests on the allegedly flawed premise that claimant had complicated pneumoconiosis. Because the Commission previously had decided that claimant suffered from stage one pneumoconiosis, the Commission only analyzed whether any stage of pneumoconiosis rendered claimant totally unable to perform manual labor in a dusty environment. Based on credible evidence from Dr. Robinette, the Commission determined that claimant's pneumoconiosis did render him unable to work.

II.

Employer argues that the Commission erred in discrediting the opinion of Dr. Fino while relying on the opinion of Dr. Robinette. Employer notes the Commission gave less weight to Dr. Fino's opinion because he opined that claimant did not suffer from pneumoconiosis despite the Commission's prior ruling that claimant suffered from stage one pneumoconiosis. Nevertheless, employer contests the Commission's reliance on Dr. Robinette's medical opinion because Dr. Robinette concluded that claimant suffered from complicated, as opposed to simple, pneumoconiosis.

Conflicting expert medical opinions are questions of fact to be determined by the Commission and are binding on this Court. Advance Auto & Indem. Ins. Co. of N. Am. v. Craft, 63 Va. App. 502, 522 (2014). When experts disagree, the Commission is responsible for determining the probative weight to be accorded to each expert. Id. If credible evidence supports the Commission's determination, the determination is binding on this Court. Id.

The Commission is responsible for weighing and considering conflicting expert medical opinions. The Commission rejected Dr. Fino's opinion because it conflicted with the previously determined diagnosis that the claimant suffered from pneumoconiosis. Considering the totality of the record, the Commission did not err in rejecting Dr. Fino's opinion and accepting Dr. Robinette's opinion.

CONCLUSION

For these reasons, we summarily affirm the Commission's decision.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>